WILLIAM CHRISTY, PLAINTIFF IN ERROR, *v.* WILLIAM T. SCOTT; WILLIAM CHRISTY *v.* JAMES D. FINLEY; WILLIAM CHRISTY *v.* WILLIAM YOUNG; WILLIAM CHRISTY *v.* HIRAM HENLY.

In Texas, the technical forms of pleading, fixed by the common law, are dispensed with, but the principles which regulate the merits of a trial by ejectment and the substance of a plea of title to such an action, are preserved.

Therefore, where the plaintiff filed a petition alleging that he was seised in his demesne as of fee of land from which the defendant had ejected him, and the defendant pleaded, that if the plaintiff had any paper title, it was under a certain grant which was not valid, this plea was bad.

So also was a plea denying the right of the plaintiff to receive his title, becau ;e he was not then a citizen of Texas. These pleas would have been appropriate objections to the plaintiff's title when produced upon the trial.

So also where, under a plea of the statute of limitations, the defendant claimed certain land by metes and bounds, and disclaimed all not included within them. There is nothing to show that the land so included, was part of the land claimed by the plaintiff.

So also where the plea was in substance that the plaintiff had no good title against Texas, no title in the defendant being shown. For the action may have been maintainable, although the true title was not in the plaintiff.

THESE four cases were brought up, by writ of error, from the District Court of the United States for the District of Texas.

They all involved the same principles, and were covered by the decision in Scott's case. It is necessary, therefore, to set out the pleadings in that case.

Christy filed his petition, alleging that he was seised in his demesne as of fee, in a certain tract or parcel of land, (which he described by metes and bounds,) from which Scott ejected him; and praying judgment for damages, and for the recovery of the lands.

Scott filed the following answer: And now comes the said defendant, and answering the petition of the plaintiff, says, that he denies all and singular the allegations in the said petition, and prays that the plaintiff be held to strict proof of the same.

2. And as to the trespasses and ejectments, or either or any of them, complained of by [the] plaintiff in his petition, the defendant says he is not guilty, and puts himself upon the country, &c.

3. And the defendant further says, that as to the pretended grant or title of the plaintiff to the land described in his petition, (if any paper title he has) the same bears date, to wit, the twentieth day of September, A. D. 1835, and the land described

in said pretended grant or title, and in said petition, is, and was at the date of said grant, situated in the twenty frontier leagues bordering on the United [States] line, and said pretended grant was made without the approbation or assent of the executive of the national government of Mexico.

4. And the said defendant further answers, and says, that if any such grant or title was made, as by said plaintiff is pretended, the same was made, (as by said plaintiff's pretended grant appears,) on, to wit, the twentieth day of September, A. D. 1835, and was not made by any public officer, commissioner, or authority, then, to wit, at the date of said pretended grant or title, existing in the State of Coahuila and Texas, competent to make the same.

5. And the said defendant further says, that the plaintiff claims the land sued for under and through a pretended grant from the government of the State of Coahuila and Texas, made to one Miguel Arceniega, as a Mexican and purchaser, and purporting to have been procured for the said Arceniega by one William G. Logan, as his agent. And the defendant says, that the said pretended grant or title of the plaintiff to the land sued for is not valid in law, because the same was procured from the government of the State of Coahuila and Texas by fraud, in this, that the said Miguel Arceniega and the said William G. Logan combined and confederated together for the purpose of evading the law, then in force, allowing the sale of lands to Mexicans, and to them only; and falsely and fraudulently represented to the said government that the application by said Arceniega for the said grant of land was really and *bonâ fide* made for him by the said Logan, and that the said Arceniega was to be the real purchaser of said land, and to hold and enjoy the same as a Mexican citizen; while, in truth, the said Arceniega fraudulently permitted the said Logan to use his name, and in his name procure the said grant solely for the use and benefit of him, the said Logan, who was not, at the time of procuring said grant, a Mexican citizen; and who, by the false and fraudulent practices aforesaid, procured the said grant, and appropriated the land granted to his (the said Logan's) own use and benefit.

6. And the said defendant says, that the plaintiff claims the premises described in his petition by a pretended grant, purporting to have been made by authority of the government of the State of Coahuila and Texas to Miguel Arceniega, bearing date, to wit, the twentieth day of September, A. D. 1835; and that the said pretended grant was made upon the conditions that the said Arceniega, or the person or persons to whom he might alienate the land in said grant described, should cultivate the same within six years from the acquisition thereof by said

pretended title, and pay for said land the price established by law. And the defendant says, that the said Arceniega, and those claiming said land under him, wholly failed to comply with said conditions.

7. And the said defendant says, that the said plaintiff claims the land described in his petition under and through a pretended grant purporting to have been made to one Miguel Arceniega by authority of the government of the State of Coahuila and Texas, bearing date, to wit, the twentieth day of September, A. D. 1835, and under and through a pretended claim of transfers from said Arceniega to plaintiff; and that within six years from the date of said pretended grant, and before the annexation of Texas to the United States, the said pretended transfers were made to said plaintiff; and that the plaintiff was not, at the date of said pretended grant to him, and previous thereto had never been, a resident citizen of Texas or Mexico, but was then, and thence hitherto continued to be, a resident and citizen of the United States of America, owing and paying allegiance to the government thereof.

8. And the said defendant further answering says, that he is the owner of the following tracts or parcels of land, to wit: (setting out a tract of land by metes and bounds, but without saying whether or not it was the land claimed by the plaintiff) and the defendant says that his possession of the said land is by virtue of the authority and title of the said John Graves, and as claimant under said Graves; and the said defendant says, that he and the said Graves, under whom he claims as to the said last-mentioned tract of land, and that he, in his own right and those under whom he claims, as to the several parcels of land above described, have had peaceable adverse possession of said several tracts of land, claiming the same by virtue of the certificates and files aforesaid, and the surveys aforesaid, with chains of legal transfers from the government down to this defendant, and to those under whom he claims, for more than three years next before the commencement of this suit; and the defendant disclaims ownership and possession of any portion of the land described in plaintiff's petition, not included in the metes and bounds of the several tracts and parcels above set forth.

9. Said defendant further says, that the land claimed by plaintiff in his petition is located within the territory designated as the twenty frontier leagues, bordering on the United States of the North, in the act of the Congress of the Republic of Texas, approved January 9th, 1841, and entitled "An act to quiet the land titles within the twenty frontier leagues bordering on the United States of the North," and is claimed by plaintiff by virtue of said location made prior to the seventeenth day of

March, A. D. 1836; and that said plaintiff, and those under whom he claims said land, did not commence an action to try the validity of said claim within twelve months from the passage of the act aforesaid.

And the defendant suggests to the court that he has had adverse possession in good faith of the said several tracts or parcels of land, for more than one year next before the commencement of this suit; and that, during said possession, he has made permanent and valuable improvements in the same, consisting of, to wit, one thousand acres, cleared and fenced, and divers good dwelling-houses, gin-houses, barns, corn-cribs, orchards, outhouses, &c., of great value, to wit, of the value of ten thousand dollars.

The plaintiff then filed the following replications and demurrers:

2. And the plaintiff, by attorney, comes, and as to the plea by the defendant, secondly by him in his answer pleaded, whereof said defendant puts himself upon the country, he, said plaintiff, doth the like.

### Demurrer [to 3d plea.]

And the said plaintiff, by attorney, comes and says, *precludi non*, by reason of any thing in the defendant's third plea, in his said answer pleaded; because he says the said plea, and the matters and things therein contained, are not sufficient in law to bar and preclude him from having and maintaining his action aforesaid, and this he is ready to verify; wherefore, he prays judgment, &c.

And for cause of demurrer, according to the form of the statute in such case made and provided, the said plaintiff sets down and shows the following, to wit:

1. The said plea in bar of plaintiff's action attempts to set up the want of the approbation or assent of the executive of the national government of Mexico, to the issuance of a grant within the twenty border leagues, when the national colonization law, under which is sought the benefit of this bar, contains no prohibition to the issuance of said grant; but if, at the time of the issuance of said grant, there was any such prohibition, it only extended to making settlements within said border leagues.

2. The said plea in bar of plaintiff's action attempts to set up the issuance of a grant under which the plaintiff claims, dated 20th September, 1835, without the approbation of the supreme executive of Mexico, within the border leagues; but does not show the nature or kind of said grant, so as to enable the court to judge of its validity.

3. And the said plea is in other respects defective, informal, and insufficient, &c.

### Replication [to 4th plea.]

4. And for replication to the fourth plea by the said defendant in his said answer pleaded, the said plaintiff says, *precludi non*, because he says the grant under which the plaintiff claims was issued by an authority, at the time of the issuance of the same, in the State of Coahuila and Texas, existing and competent to issue the same, and this, he prays, may be inquired of by the country.

### Replication [to 5th plea.]

5. And for replication to the fifth plea, by the said defendant in his said answer pleaded, the said plaintiff says, *precludi non*, because he says that the said grant, under which the said plaintiff claims, was not obtained or procured to be issued by fraudulent misrepresentations, as in the said plea alleged, and this, he prays, may be inquired of by the country.

### Demurrer [to 6th plea.]

6. And as to the sixth plea, by the said defendant in his said answer pleaded, the said plaintiff says, *precludi non*, because he says the said plea, and the matters and things therein contained, are not sufficient in law to bar and preclude said plaintiff from having and maintaining his action aforesaid, and this he is ready to verify; wherefore he prays judgment, &c.

And for cause of demurrer, according to the form of the statute in such case made and provided, the said plaintiff sets down and shows the following, to wit:

1. The conditions set forth in the said plea, as those upon which said grant was issued, as is manifest by the said plea, were conditions subsequent, of which the defendant cannot take advantage upon a failure in their performance.

2. A failure to perform the conditions in said plea set out, might have been cause of the forfeiture of the estate passed by said grant in said plea, set out on a proceeding in behalf of the State; but this is no reason why the defendant, before forfeiture declared, should, against the plaintiff, retain possession of the estate in said grant mentioned.

3. And the said plea is, in other respects, defective, informal, and insufficient, &c.

### Demurrer [to 7th plea.]

7. And as to the seventh plea, by the said defendant in his said answer pleaded, the said plaintiff says, *precludi non*, because he says the said plea, and the matters and things therein

Christy *v.* Scott et al.

contained, are not sufficient in law to bar and preclude him from having and maintaining his action aforesaid, and this he is ready to verify; wherefore he prays judgment, &c.

And for cause of demurrer, according to the form of the statute in such case made and provided, the said plaintiff sets down and shows the following, to wit:

1. The said plea in bar avers, that the estate in the premises, in the said petition mentioned, was transferred to said plaintiff while and during the time he was a citizen of the United States of America, and owing allegiance to the same, and an alien to the Republic of Texas; yet shows no forfeiture declared, on office found, so as to divest the estate vested by said transfer.

2. And the said plea is in other respects defective, informal, and insufficient, &c.

### Replication [to 8th plea]

Withdrawn, and the following demurrer substituted:

And now, at this term, comes the plaintiff, by his attorney, and, by leave of the court first had and obtained, withdraws his replication to the eighth plea, by the defendant in this behalf pleaded, and says, *precludi non,* by reason of any thing in the said defendant's eighth plea in this behalf pleaded, because he says the said plea, and the matters and things therein contained, are not sufficient in law to bar and preclude him from having and maintaining his action aforesaid, and this he is ready to verify; wherefore he prays judgment, &c.

And for causes of demurrer, according to the form of the statute in such case made and provided, the said plaintiff sets down and shows the following, to wit:

1. The said plea avers, that the said defendant, and a certain John Graves, under whom he, the said defendant claims, as to a part of the land in said plea mentioned, had and still held peaceable possession of the same, for more than three years next before the commencement of this suit under color of title; when, to produce a bar within the statute in such case made and provided, a possession, under the circumstances, and within the time prescribed by said statutes, by said defendant alone, should have been set up.

2. The said defendant, by said plea, avers that, as to a part of the lands in said plea specified, the title is yet outstanding in a certain John Graves; yet the said defendant, by his said plea as to said land, attempts to set up in bar, by reason of possession of the same for three years, under color of title, next before the commencement of plaintiff's action.

3. The said defendant, by his said plea, avers, that a portion of the land in said plea specified, and of which he, said defendant,

claims to be the owner, by virtue of his, said defendant's, own head-right certificate, has not been surveyed, as by law required, to vest title in the same in said defendant; yet said defendant, as to the same, by his said plea, attempts to set up in bar an adverse possession, for three years next before commencement of plaintiff's action, under color of title.

4. The said defendant, by his said plea, does not aver, that he, said defendant, was ever an actual settler upon the said land, of which, by his said plea, he claims to be in adverse possession.

5. Though the said defendant, by his said plea, attempts to set up in bar an adverse possession, under color of title, for three years next before commencement of plaintiff's action herein, yet he does not show that said color of title was duly proven and recorded.

6. The said defendant, by his said plea, attempts to set up in bar of plaintiff's action adverse possession, under color of title, for three years next before the commencement of said plaintiff's said action, when, by the purview of the statutes in such case made and provided, there can be no such bar; but if any, the bar must be by such adverse possession, under such color of title, for three years next after cause of action accrued, and before commencement of action.

7. The said plea, though in bar, does not make any case by which the plaintiff is barred of his action, by reason of any possession adverse, within the terms of the statute in such case made and provided.

8. And the said plea, is, in other respects, defective, informal, and insufficient, &c.

### Demurrer [*to 9th plea.*]

9. And as to the ninth plea, by the said defendant in his said answer pleaded, the said plaintiff says, *precludi non*, because he says the said plea, and the matters and things therein contained, are not sufficient in law to bar and preclude him, said plaintiff, from having and maintaining his action aforesaid, and this he is ready to verify; wherefore he prays judgment, &c.

And for cause of demurrer, according to the form of the statute in such case made and provided, the said plaintiff sets out and shows the following, to wit:

1. The act of Congress, referred to in said plea, at the time of the approval thereof, since, and now, was not, and is not, the law of the land.

2. The said act of Congress was made and intended to impair the obligation of contracts.

3. And the said plea is, in other respects, defective, informal, and insufficient. &c.

Christy *v.* Scott et al.

In this state of the pleadings, the cause was called for trial, when the following judgment was rendered :

This day came the parties aforesaid, by their attorneys, and the questions of law, arising upon the demurrers of the plaintiff to the third, sixth, seventh, eighth, and ninth pleas, by the defendant in his answer pleaded, having been argued and submitted, because it seems to the court that the law is for the defendant; it is therefore considered by the court, that the said demurrers be overruled, and the plaintiff stating that he intended to abide by his demurrers, it is further considered by the court, that the defendant go hence without day, and that he recover of the plaintiff his costs, by him about his defence in this behalf expended, to be taxed by the clerk, &c.

The counsel for the plaintiff then filed the following argument of errors :

1. The defendant's third plea, by him in his answer pleaded, attempts to set up, in bar of plaintiff's action, the issuance of the grant under which the plaintiff claims, without the approbation of the executive of the Republic of Mexico, when, by the law of the State of Coahuila and Texas, under which said grant was issued, there was no prohibition to the issuance of said grant without such approbation, and the said fact pleaded is no bar; yet the said court overruled the plaintiff's demurrer to said plea, and gave judgment for defendant, when said demurrer, according to the rules of law, should have been sustained.

2. The said defendant, by his sixth plea in his said answer pleaded, attempts to set up, in bar of the plaintiff's action aforesaid, the non-performance of conditions subsequent, without showing reëntry, or other mode of enforcing a forfeiture of the estate granted; yet the court overruled the plaintiff's demurrer to said plea, when, according to the rules of law, the same should have been sustained.

3. The said defendant, by his seventh plea in his answer pleaded, attempts to set up, in bar of plaintiff's action, the fact, that the lands claimed and sued for by the plaintiff, in his petition described, were sold and transferred to the said plaintiff while and during the time he was a citizen of the United States of America, owing allegiance to the same, and an alien to the Republic of Texas, without showing any office found, or forfeiture declared in any manner whatever; yet the court overruled the plaintiff's demurrer to said plea, when, according to the rules of law, the same should have been sustained.

4. The said defendant, by his eighth plea in his said answer pleaded, insists upon a bar, by and under the fifteenth section of an act of Congress of the Republic of Texas, entitled "An Act of Limitations," approved February 5th, 1841; but, by said

plea, does not show or allege that he was a settler on the land in question, having had and held continuous adverse possession of the same, under title duly proven and recorded, or under color of title, for three years next after cause of action accrued, and before action brought, as by the rules of law he should have done; yet the said court overruled the plaintiff's demurrer to said plea, when, according to the rules of law, it should have been sustained.

5. The said defendant, by his ninth plea in his answer pleaded, attempts to set up, in bar of plaintiff's action, the failure to commence action within twelve months after the passage of an act by the Congress of the Republic of Texas, entitled "An act to quiet land-titles within the twenty frontier leagues bordering on the United States of the North," to try the validity of the grant under which plaintiff claims, when it is apparent that said grant, under which plaintiff claims, was a perfect, and not an imperfect or inchoate title, and as to which the government of the Republic of Texas had no legitimate power or authority to require or prescribe the commencement of any suit in the form or manner the same was prescribed, to try the validity of the title vested by said grant, or create a bar in consequence of a failure to commence said suit; yet the demurrer to said plea was overruled by said court, when the same, according to the rules of law, should have been sustained.

The plaintiff then sued out a writ of error, and brought the case up to this court.

It was argued by *Mr. Bibb* and *Mr. Crittenden,* (Attorney-General,) with whom was *Mr. Hughes,* for the plaintiff in error, and *Mr. Hill,* with whom was *Mr. Henderson,* for the defendant in error.

The argument, of course, turned entirely upon the validity or invalidity of the plea; but the discussion was so much involved with the laws and facts in the case, that a report of it is postponed until the record shall be brought up again in the shape suggested by the court.

Mr. Justice CURTIS delivered the opinion of the court.

This is a writ of error to the District Court of the United States for the District of Texas.

The plaintiff in error filed a petition, in which he avers, that on the 1st day of June, 1839, he was seised in his demesne as of fee of three tracts of land, described in the petition by metes and bounds, and that the defendant, with force of arms, ejected him therefrom, and has thenceforward kept him out of possession thereof; and he prays judgment for damages and costs, and for the lands described. The defendant filed what is styled an

answer, containing nine distinct articles, or pleas, each of which seems to have been intended, and has been treated, as a substantive defence. The plaintiff demurred to the third, sixth, seventh, eighth, and ninth, of these pleas. There was no joinder in demurrer by the defendant, but the District Court treated the demurrers as raising issues in law, and gave judgment thereon for the defendant. The plaintiff has brought the record here by a writ of error.

Upon this record, questions of great difficulty, and understood to affect the titles to large quantities of land, have been elaborately argued at the bar. These questions involve and depend upon the interpretation of the Colonization Laws of the Republic of Mexico, and their practical administration; the relative rights and powers of the central government, and of the State of Coahuila and Texas, in reference to the public domain; the modes of declaring and vindicating those rights, and exercising those powers under the constitution of the Mexican Republic; the effect of the separation of the State of Coahuila and Texas from México, by the revolution of 1836, upon titles made by the State authorities before the revolution, and alleged to be defective for want of the sanction of the central government; as well as several important laws of the Republic of Texas, framed for the protection of the public domain, and for the repose of titles in that country.

It is impossible that the court should approach an adjudication of a case, involving elements so new and difficult, without much anxiety, lest they should have failed entirely to comprehend and fitly to apply them. And it is obvious, that before it is possible to do so, all the facts constituting the title of each party, and essential to a complete view of the case, and especially the documentary evidences of those titles, should be placed before us, in a determinate form.

This record is far from being sufficient in these substantial, and, indeed, necessary particulars. The petition avers a seisin in fee, on a particular day, and an ouster by the defendant. The defendant shows no title in himself to the land demanded, but asserts that the plaintiff claims title by a pretended grant, made on the 20th day of September, 1835; that the land was within the twenty frontier leagues bordering on the United States; that the approbation of the executive of the national government of Mexico was not given; and, in other pleas, avers other facts, to show that if any such grant had been made it would not have been valid. But no grant, under which either party claims, appears on the record, nor is the court informed, through an exhibition of any title papers, by what authority, or through what instrument, or for what consideration, or upon

what conditions the title to these lands, originally passed from the State; or, whether more than one title thereto has, in fact, been made by the State; nor how, or when, if at all, any title came from the State to either of the parties.

Having thus stated what the record fails to show, we proceed to declare our judgment on each of the issues in law raised by the demurrers.

The first plea which is demurred to, is in the following words: " 3. And the defendant further says, that as to the pretended grant or title of the plaintiff, to the land described in his petition, (if any paper title he has,) the same bears date, to wit, the twentieth day of September, A. D. 1835, and the land described in said pretended grant or title, and in said petition, is, and was, at the date of said grant, situated in the twenty frontier leagues bordering on the United States line, and said pretended grant was made without the approbation or assent of the executive of the national government of Mexico."

According to the settled principles of the common law, this is not a defence to the action. The plaintiff says he was seised in fee, and the defendant ejected him from the possession. The defendant, not denying this, answers, that if the plaintiff had any paper title, it was under a certain grant which was not valid. He shows no title whatever in himself. But a mere intruder cannot enter on a person actually seised, and eject him, and then question his title, or set up an outstanding title in another. The maxim that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's, is applicable to all actions for the recovery of property. But if the plaintiff had actual prior possession of the land, this is strong enough to enable him to recover it from a mere trespasser, who entered without any title. He may do so by a writ of entry, where that remedy is still practised, (Jackson v. Boston & Worcester Railroad, 1 Cush. 575,) or by an eject-ment, (Allen v. Rivington, 2 Saund. R. 111; Doe v. Read, 8 East, 356; Doe v. Dyboll, 1 Moody & M. 346; Jackson v. Hazen, 2 Johns. R. 438; Whitney v. Wright, 15 Wend. 171,) or, he may maintain trespass, (Catteris v. Cowper, 4 Taunt. 548; Graham v. Peat, 1 East, 246.)

Nor is there any thing in the form of the remedy, in Texas, which renders these principles inapplicable to this case.

By the act of February 5th, 1840, (Hartley's Digest, 909,) it is proved, that the method of trying titles to lands shall be by action of trespass, and that the action shall be tried on its merits, conformably to the principles of trial by ejectment; and where the defendant sets up title to the land, he is required to plead the same. We understand that the technical forms of

Christy *v.* Scott et al.

pleading, fixed by the common law, are dispensed with, but the principles which regulate the merits of a trial by ejectment, and the substance of a plea of title to such an action, are preserved. Tested by these principles, this plea is bad.

Without setting up any title in the defendant, it pleads certain evidence or source of title, which, it avers, the plaintiff relies on, and then states facts, to show that such title is invalid. This is not admissible.

The office of a plea is, to state on the record the answer of the defendant to the allegations of the plaintiff, but not to the evidence by which the defendant conjectures the plaintiff will endeavor to support those allegations. We cannot conceive that such a mode of pleading could be admissible under any system. At the common law, if the allegation that the plaintiff's paper title is under a grant mentioned in the plea, had been traversed, it would have led to an issue which, if found for the plaintiff, would determine nothing, and, therefore, the plaintiff cannot be required to answer such a plea. And where pleadings are so conducted as not to terminate in issues, as in Texas, such an answer neither confesses and avoids, nor denies the seisin, or trespass, alleged in the declaration. United States *v.* Girault, 11 How. 22.

There are cases in which such allegations, showing the source or nature of the plaintiff's title, are a necessary part of a defence. Whenever the defendant must plead specially any matter which is a good defence to one title, and not good to others, and the declaration does not show on what particular title the plaintiff relies, the defendant must, by proper averments, set out the plaintiff's title and the answer to it; these averments then become material and traversable as part of the defence, and if found for the plaintiff, the defence fails. An instance of this is the defence of a statute of limitations, barring only particular titles. In such a plea, it would be necessary to show, if it did not appear in the declaration, that the plaintiff had only such a title. But this rule has no application to the defence under consideration. If the plaintiff really relies on such a title as is alleged, whenever he shows it in support of his petition, the defendant will have opportunity to object to it, and to give in evidence any collateral facts bearing upon it. He has no occasion, nor is it regular, to plead specially, for his general denial of the plaintiff's title compels the plaintiff to produce his title, and thus opens to the defendant all legal objection to it. Moreover, this article in the answer does not admit, or deny, that the plaintiff had any grant, or any paper title whatever, but says, if he had any, it was of a certain description. If it was intended to make the case turn on the validity of a particular grant, its existence ought

25 *

to be admitted; for why should the court be called upon to determine the sufficiency in law of such a grant, when it does not appear it exists?

These objections are equally applicable to the sixth plea, which is therefore also insufficient.

The next plea is as follows:

"7. And the said defendant says, that the said plaintiff claims the land described in his petition under and through a pretended grant purporting to have been made to one Miguel Arceniega, by authority of the government of the State of Coahuila and Texas, bearing date, to wit, the twentieth day of September, A. D. 1835, and under and through a pretended chain of transfers from said Arceniega to plaintiff, and that within six years from the date of said pretended grant, and before the annexation of Texas to the United States, the said pretended transfers were made to said plaintiff, and that this plaintiff was not, at the date of said pretended grant to him, and previous thereto, had never been a resident citizen of Texas or Mexico, but was then, and thence hitherto, continued to be a resident and citizen of the United States of America, owing and paying allegiance to the government thereof."

This plea also, is subject to the same objections as the others: so far as it attacks the plaintiff's title; and if it was intended as a plea to the action of the alienage of the plaintiff, it is manifestly bad, for the plaintiff, being a citizen of the United States, is capable of maintaining an action to recover lands in the State of Texas, to which he has title.

The eighth plea sets up a statute of limitations. In order to bring himself within it, the defendant avers, "that he is the owner of the following tracts or parcels of land, to wit;" and he then gives the metes and bounds of sundry tracts of land, and makes certain other averments as to his possession, and concludes, "And the defendant disclaims ownership and possession of any portion of the land described in plaintiff's petition, not included in the metes and bounds of the several tracts and parcels above set forth."

The court cannot treat this plea as an answer to the declaration. It is not averred therein, nor is there any thing on the record to show, that the tracts of land described in it are parcel of the demanded premises. The defendant says he disclaims ownership and possession of any portion of the land described in the petition, and not included in the bounds he sets out. For aught we can know, this disclaimer may cover the whole of the land described in the petition. And as it does not appear, by any direct traversable averment, that the disclaimer does not apply to all the lands demanded, or that the defence applies to

Christy *v.* Scott et al.

any, or if any, to what part of them, the court cannot know for what to give judgment, or whether it should be for the one party or the other.

The ninth plea is as follows:

"9. Said defendant further says, that the land claimed by plaintiff in his petition, is located in the territory designated as the twenty frontier leagues, bordering on the United States of the North, in the act of the Congress of the Republic of Texas, approved January 9th, 1841, and entitled 'An act to quiet the land titles within the twenty frontier leagues bordering on the United States of the North,' and is claimed by plaintiff by virtue of said location, made prior to the seventeenth day of March, A. D. 1836, and that said plaintiff, and those under whom he claims said land, did not commence an action to try the validity of said claim within twelve months from the passage of the act aforesaid."

Assuming what we do not decide, that this plea shows, that if the plaintiff claims under such a location as is mentioned, his title is not good as against the State of Texas, still it is not a defence, because no title in the defendant is shown. If the plaintiff, as his petition avers, was actually seised, and the defendant being a mere intruder, ejected him, it was an unlawful act, and the action is maintainable, notwithstanding the State of Texas may have the true title, or may have granted it to another.

For these reasons, we are of opinion the demurrer to each of these pleas must be sustained, the judgment of the District Court reversed, and the cause remanded; and as it will undoubtedly become necessary to amend the pleadings, we think it proper to suggest, that in a case involving questions so new and of so much magnitude and importance, it would be more satisfactory, and more conducive to a just decision, for the parties to exhibit fully their respective titles, and all collateral facts bearing upon them, and have them placed upon the record, either by bill of exceptions, or a special verdict, to the end that the court may consider their title papers in connection with the extraneous facts, and not be required to decide upon partial or abstract views, which may occasion substantial injustice, not only to the one party or the other, but possibly to third persons having similar titles.

### *Order.*

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Texas, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this

court, that the judgment of the said District Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said District Court for further proceedings to be had therein, in conformity to the opinion of this court, and as to law and justice shall appertain.