# Richmond.

RHULE v. SEABOARD AIR LINE RAILWAY COMPANY.

JANUARY 21, 1904.

Absent, Cardwell, J.

1. EJECTMENT—*Plaintiff's Title—Trespasser.*—A plaintiff in ejectment must, as a general rule, recover on the strength of his own title, and not on the weakness of that of the defendant, but if he is in actual possession he may, on the strength of his possession alone, recover of a mere trespasser who entered without any title.

2. EJECTMENT—*Description of Premises.*—Although the description of the premises claimed in a declaration in ejectment are not as accurate as could be desired, this court will not disturb a verdict for the plaintiff where it cannot say that the premises are not described with such convenient certainty as that, from such description, possession thereof may not be delivered.

3. APPEAL AND ERROR—*Demurrer to Evidence—Motion for New Trial—Excessive Damages.*—Upon a demurrer to the evidence no motion for a new trial is necessary in the trial court to enable this court to review its decision on the question whether the evidence supports the issue, or not. But if the amount of damages assessed by the jury is deemed excessive, a motion must be made in the trial court to set aside or abate the verdict. The objection cannot be made in this court for the first time.

Error to a judgment of the Circuit Court of Henrico county, in an action of ejectment, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The declaration in this case is in the following words and figures:

"Regenie Catharine Ruhle complains of the Seaboard Air Line, a railroad corporation chartered under the laws of the State of Virginia, of a plea of trespass, for this, to-wit: that heretofore, to-wit, on the 1st day of May, 1900, the plaintiff being seised of a certain lot of land of irregular shape lying in the county of Henrico adjoining the city limits of the city of Richmond, and described as follows:

" 'All that certain small piece of land, lying and being in the county of Henrico, adjoining the city of Richmond, on the north side of Sledd street,' near Brook road and the residence of the late William Sledd, containing about one-third of an acre, more or less, adjoining the lands of the late Charles E. Ruhle, being a part of the property now occupied by the said Regenie Catharine Ruhle, the said property lying along on the north side of Bacon Quarter Branch and the limits of Richmond city and extending east and west about eighty yards along the middle of the railway track placed upon the said property by the defendant company against the wishes and direction of the plaintiff, the land taken from the plaintiff and now occupied by the defendant company lies on the said branch and on the west 120 feet, on the north 70 yards, on the east 100 feet, and about 100 yards along said branch, and being possessed in fee as aforesaid of the said lot, at another day, to-wit: on the 22d day of ————, 1900, the defendant entered and unlawfully took possession of the said property as above described and began to construct and constructed a railway line upon the said property and tore down and removed her fence around the side of her said property and dug and removed valuable gravel from the land, and constructed a high bank of earth upon the said property and left on the side next to her dwelling a deep and wide ditch that holds stagnant water, which is offensive and dangerous and injurious to the health of the plaintiff, who lives near by on

a part of the property. Said company has wrongfully withheld and still unlawfully withholds the said property, to the great damage of the plaintiff $1,500.

"And therefore she brings her suit.

"W. H. BEVERIDGE,
"P. A. L. SMITH,
"Attorneys for Plaintiff."

*Samuel A. Anderson* and *P. A. L. Smith,* for the plaintiff in error .

*Munford, Hunton, Williams & Anderson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of ejectment, brought in the Circuit Court of Henrico county by Mrs. Ruhle against the Seaboard Air Line Railway, to recover a piece of land. There was a demurrer to the declaration upon the grounds: First, that it fails to show the legal title to the property to be in the plaintiff; and, secondly, that it does not sufficiently describe the property in question.

The plaintiff introduced her evidence, and, the defendant having demurred, the jury found a verdict in favor of the plaintiff, subject to the demurrer to the evidence, for the premises demanded, and assessed the damages at $900. Upon this verdict the Circuit Court entered the judgment which is now before us for review.

We deem it unnecessary to discuss the plaintiff's title. The general rule is that the right of the plaintiff to recover in ejectment rests on the strength of his own title, and is not established by the exhibition of defects in that of the defendant, who may

maintain his defence by simply showing that the title is not in the plaintiff, but in some one else. "The rule is thus broadly stated by the authorities without qualification, but there are exceptions to the rule thus announced as well established as the rule itself. Whether the case of an intrusion by a stranger without title, on a peaceable possession, is not one to meet the exigencies of which the courts will recognize a still further qualification or explanation of the rule allowing the plaintiff to recover only on the strength of his own title, is a question which, I believe, has not as yet been decided by this court." This statement of the law with reference to the rule and its exceptions is taken from the opinion of Judge Daniel, in *Tapscott* v. *Cobbs,* 11 Gratt. 172—a case which was decided in 1854, has been frequently relied upon since that time, and the correctness of which, so far as we have been able to discover, has never been called in question. *Olinger* v. *Shepherd,* 12 Gratt. 462; *Atkins* v. *Lewis,* 14 Gratt. 30; *Miller* v. *Williams,* 15 Gratt. 213.

The Supreme Court of the United States enunciates the same doctrine, in *Christy* v. *Scott,* 14 How. 282, 14 L. Ed. 422, where it is said that "a mere intruder cannot enter on a person actually seised and eject him, and then question his title. The maxim that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's, is applicable to all actions for the recovery of property. But if the plaintiff had actual possession of the land, this is strong enough to enable him to recover it from a mere trespasser who entered without any title."

These authorities seem quite sufficient to maintain a doctrine so consonant to reason and so necessary to the peace and order of society.

It appears from the evidence that the plaintiff in error was at the time of the institution of this suit, and for a number of years prior thereto had been in the peaceful and undisturbed possession of the premises in question. The record fails to show

a shadow of right in the defendant in error to disturb that pos-
session. The jury, upon a demurrer to the evidence, had a right
to deem the defendant in error not only a naked trespasser,
but one who had acted in a harsh and arbitrary manner. This
being so, the case of the plaintiff in error is plainly within the
influence of the exception, which the authorities above quoted
show, is as well established as the rule, and that, as against an
intrusion by a stranger without title on a peaceable possession,
such possession alone is sufficient to maintain the action of
ejectment.

Coming now to the description of the property, it must be
conceded that in this respect the declaration is not all that could
be desired; but we do not feel warranted in holding that the
premises claimed are not described with such convenient cer-
tainty as that, from such description, possession thereof may
not be delivered. Code 1887, section 2729. The statute ob-
viously does not mean to require any great nicety or exactness,
and the authorities are to the same effect. To discuss in detail
the cases which illustrate the degree of certainty required in
describing the premises demanded in ejectment would be profit-
less, as they leave each case to be adjudicated upon its indi-
vidual merits.

It is earnestly insisted by counsel for defendant in error that
the damages are excessive, and that, although the court may be
of opinion that the plaintiff in error was entitled to a judgment
for the premises in controversy, it ought not to enter a final
judgment in favor of the plaintiff in error, but should remand
the case for a new trial.

There was no motion made in the Circuit Court for a new
trial. There was no objection in that court to the damages
awarded, and it cannot be made for the first time in this court.

In *Humphrey's Adm'rs* v. *West's Adm'rs,* 3 Rand., at page
518, this court said that "the only question for the consideration
of the court on a demurrer to evidence is whether the evidence

supports the issue, or not, and the judgment is that it does or
does not support it.   After the demurrer is joined, the jury
may either be discharged, and, if the judgment be that the evi-
dence does support the issue, a writ of inquiry of damages is
awarded, or the jury then impaneled may go on to assess condi-
tional damages.

"But in either case the question is with the jury, not with the
court, as to the question of damages, subject, as in all other
cases, to the superintending control of the court to grant a new
trial in case the damages are excessive.   That, however, rests
with the court before whom the trial was had, and that, too,
upon a motion to that court for a new trial; there being no case
in which that court is bound, *ex mero motu,* and without motion,
to grant a new trial, and subject the defendant, without his con-
sent, to greater damages.   The appellate court cannot grant
such new trial, for that would be to reverse the judgment of an
inferior court on a motion for a new trial here, which was not
made to that court, and of course, on a matter in which that
court committed no error."   See, also, *Newberry* v. *Williams,*
89 Va. 298, 15 S. E. 865, and *N. & W. R. R.* v. *Dunnaway,*
93 Va., at page 33, 24 S. E. 698.

In the case last cited many authorities were reviewed, and
the conclusion was reached that it is not necessary for a motion
for a new trial to be made in the trial court in order to have the
judgment on demurrer to the evidence reviewed in the Appellate
Court, but that it would not be proper to consider the *quantum*
of damages as being too great or too small, unless objection to
the verdict upon that ground was presented in the trial court.
Had that question been presented, the Circuit Court might have
required the plaintiff to remit a part of the damages, or if,
in a proper case, the defendant had asked the court to require
the plaintiff to remit a part of the damages awarded by the
jury, and the court had declined to do so, the question would
then have been properly before this court for consideration;

but, as presented to us, it is controlled by *Humphrey's Adm'rs* v. *West's Adm'rs, supra,* which has long been the unquestioned law of this forum.

The judgment of the Circuit Court must be reversed, and this court will enter a judgment in accordance with the verdict of the jury.

*Reversed.*