# Staunton.

## Howdashell and Others v. Krenning.

### September 15, 1904.

1. Ejectment—*Description of Land.*—The object of the description of lands in a declaration in ejectment is to so identify them as that the sheriff, with the aid of information derived from the plaintiff, may give possession. It is no longer necessary that the sheriff should be able to tell from an inspection of the record of what lands he is to give possession. A description which gives the names of adjacent owners, and the metes and bounds of a large tract, and continues "which said metes and bounds, however, include land owned by Marion Waddle, embracing 150 acres, and also what is known as the Brunty tract containing 41 acres, which tracts are not claimed by the plaintiff," is a sufficient description in an action to recover ten acres, described by metes and bounds, of the larger tract.

2. Evidence—*Copies of Land Grants—Absence of Seal of Commonwealth.*— Duly authenticated copies of grants of land from the Commonwealth, which do not show that the original patents were sealed with the lesser seal of the Commonwealth, may be received in evidence in the courts of this State for the reasons set forth in *Va. Coal & I. Co.* v. *Keystone Co.*, 101 Va. 723.

3. Ejectment—*Seisin of Plaintiff—Grant from Commonwealth.*—A grant from the Commonwealth confers constructive seisin sufficient to enable the patentee, or those claiming under him, to maintain an action of ejectment. Actual seisin is not necessary.

4. Ejectment—*Description of Premises—Disclaimer of Title.*—Where a plaintiff in ejectment disclaims, in his declaration, any part of certain lands embraced within his outside boundaries but excepted from his grant, if any part of the lands claimed by the defendant is within the excepted lands, no judgment can be rendered against

the defendants therefor, or if such judgment is rendered, the claim of the defendants to such part is not affected thereby.

5. EJECTMENT—*Demurrer to Evidence by One Defendant—Plea by Others—Conditional Verdict.*—Where some of the defendants in ejectment demur to the evidence, and others go to trial on the issue made upon their plea of not guilty, and a conditional verdict is found as to all of the defendants, it should be set aside as to the defendants who have not demurred, as it is not responsive to the issue made by their plea.

6. EJECTMENT—*Defendant to One Count—Judgment for Lands Claimed in Another Count.*—There can be no judgment against a defendant in ejectment for the land claimed in one count of the declaration to which he was not a party.

Error to a judgment of the Circuit Court of Wythe county in an action of ejectment wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed in part.*

There were four defendants in this action, and they filed a joint plea of "not guilty." Subsequently, after the evidence was all in, one of the defendants demurred to the evidence, in which demurrer the plaintiff joined. There was but one verdict, and that was as follows:

"We the jury, find that if the law be for the plaintiff, that he recover from the defendants possession of the land in his declaration specified, and that he is entitled to the same in fee simple, but if the law be for the defendants, then we find for the defendants."

*S. W. Williams* and *W. B. Kegley*, for the plaintiffs in error.

*Poage & Caldwell*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

William Krenning, the defendant in error, instituted his action of ejectment against W. A. Howashell, Frank P. Chaffin,

E. M. Funk, and Green Chapman. The proceedings resulted in a judgment in favor of the plaintiff against all the defendants for the land in controversy. To that judgment this writ of error was awarded.

The first error assigned is to the action of the court in overruling the demurrer to the declaration, and to each count thereof. The objection made to the declaration is that the description of the premises claimed is insufficient under section 2729 of the Code, which requires that they shall be described with sufficient certainty so that from such description possession thereof may be delivered.

The first count in the declaration describes the land as "a certain tract or parcel of land known as the John Asa Brown tract, and which tract was more recently owned by the Augsburg Bank, of whom said Krenning is the vendee, the same tract being a portion of the land included in what is known as the Pollard survey, which said tract, lying and being in said county of Wythe, containing, according to survey made by W. H. Burch for said Augsburg Bank, twenty-one hundred and sixty-four acres more or less, bounded as follows:  .  .  ." After fully setting out the metes and bounds of the land, the count continues, "which said metes and bounds however include land owned by Marion Waddle embracing 150 acres, and also what is known as the Brunty tract containing 41 acres, which two tracts are not claimed by plaintiff."

In the second count the plaintiff avers that he was possessed of the same land as that described in the first count, and then avers that, being so possessed, three of the defendants, Chapman, Chaffin and Funk, entered into ten acres of said land, including what is known as the Alum Springs, describing it by metes and bounds.

If no mention had been made in the declaration of the Waddle and Brunty tracts of land located within the exterior bound-

aries of the land claimed by the plaintiff, there could be no question that the premises were sufficiently described, and this seems to be conceded. The averment that within the limits of the boundaries set out in the declaration were located the Waddle tract and the Brunty tract of land did not render it impossible to identify the land claimed, although the metes and bounds of those tracts were not set out. The object of the description is to identify the land claimed so that the sheriff may give possession of it. It is not required now, as it seems to have been at one time, that the description should be so certain that the sheriff would be able to know from an inspection of the record what he is to give possession of. The rule now is, that the sheriff, in executing the writ of possession, must take information from the plaintiff. This information the plaintiff gives at his peril, for he is a trespasser if he shows the wrong land, and moreover the court will interfere in a summary way and restore possession of what was not recovered. 2 *Tucker's Com.*, 159, and cases cited. *Newell on Ejectment*, pp. 236-7. See *Hawley* v. *Twyman*, 24 Gratt. 516, 519; *Rhule* v. *S. A. L. Ry. Co.*, 102 Va. 343, 9 Va. L. Reg. 963, 46 S. E. 331. Tested by this rule, the lands described in the declaration could be identified and possession thereof delivered by the sheriff.

The second error assigned in the petition is, that the court erred in admitting in evidence a copy of the grant from the Commonwealth to Robert Morris, on the ground that it does not show that the original patent was sealed with the lesser seal of the Commonwealth.

Since the writ of error in this case was granted, the question involved in that assignment of error was passed upon by the court, in the case of the *Va. Coal & Iron Co.* v. *Keystone Coal & Iron Co.*, 101 Va. 723, 45 S. E. 291, and decided against the contention of the plaintiffs in error. That assignment of error was not relied on at the hearing.

Howdashell, one of the defendants in the court below, demurred to the evidence. The court overruled his demurrer, and this action of the court is assigned as error. This contention is based first upon the ground that the alleged grant from the Commonwealth to Robert Morris conferred no *seisin* in law upon him, or those who claim under him, and, second, that no *seisin* in fact was shown.

It was not necessary for the plaintiff, in order to recover, to show *seisin* in fact, and the grant to Robert Morris which was proved by the copy of the grant introduced in evidence conferred constructive *seisin*, sufficient to enable the patentee, or those who claim under him, to maintain an action of ejectment. *Clay* v. *White, &c.,* 1 Munf. 162; *Dawson* v. *Watkins,* 2 Rob. 259, 268.

The third ground upon which it is claimed that the court erred in overruling the demurrer to the evidence is that the plaintiff failed to prove that the land in controversy was not within the Waddle and Brunty tracts of land "which were reserved, and not intended to be conveyed by the deed" to the plaintiff.

The plaintiff neither claimed nor recovered any land within the limits of the Waddle and Brunty tracts. His declaration expressly avers that he claimed no land within the limits of those tracts, and the verdict of the jury only finds for him such land as he claims in the declaration. If any part of the land claimed by the defendants is within the limits of the Waddle and Brunty tracts, their claims to such part is not affected by the judgment of the court.

The refusal of the court to set aside the verdict is assigned as error. The verdict, it is insisted, is insufficient on its face, and is contrary to the law and the evidence. All the plaintiffs in error make this contention. One of them, Howdashell, made no objection to the verdict in the court below, and raised the

Opinion.

question of the plaintiff's right to recover as to him by his demurrer to the evidence.

Even if he could be permitted to question the form of the verdict in this court, since he made no objection to it in the court below, his contention that the description of the premises is not sufficient is without merit, the description in the verdict being the same as that in the declaration, which we have seen was sufficient.

As to the other plaintiffs in error, the verdict is plainly insufficient on its face. They did not demur to the evidence, yet it is a conditional verdict. It does not pass upon the issue made by their plea of not guilty. The verdict as to them should have been set aside on their motion, and a new trial granted. For this error the judgment as to them must be reversed, the verdict set aside, and the cause remanded for a new trial As to Howdashell there is no error in the action of the court, except in giving judgment upon the demurrer to evidence for the lands described in the second count in the declaration. To this count he was not a party, and it was, of course, error to give judgment against him for the parcel of land therein described. The judgment as to him will be reversed upon that point, and such judgment rendered against him as the Circuit Court ought to have entered.

It is proper to say, in justice to the learned and careful circuit judge who tried the case, that the errors for which this case must be reversed do not seem to have been brought distinctly to his attention. If they had been, we have no doubt he would have corrected them in the trial court, and thus have avoided the expense and delay of a writ of error to this court.

*Reversed in part.*