# Staunton.

CARTER AND OTHERS v. WOOD AND OTHERS.

September 29, 1904.

1. EJECTMENT—*Plaintiff's Title—Common Grantor.*—Where plaintiff and defendant in ejectment claim title under a common grantor, it is unnecessary for the plaintiff to trace his title back of such grantor.

2. EJECTMENT—*Plaintiff's Title—Lost Deed—Proof of Contents—Case at Bar.*—If a plaintiff in ejectment claims title under a lost or destroyed deed, the proof of its former existence, contents, and loss or destruction must be strong and conclusive before the court will permit a title to be established by parol evidence. A bare copy of an order of a County Court, showing that a deed of bargain and sale from the plaintiff's alleged grantor to him had been admitted to record, accompanied by proof of the destruction of the deed-book in which the deed should have been recorded, and of the fact that the grantor owned no other land in that county than that sought to be recovered, and an unauthenticated copy of the alleged lost deed, without proof of the genuineness of the original from which the copy was made, is not sufficient to establish the existence of the deed alleged.

3. EJECTMENT—*Plaintiff's Title—Ground of Defense.*—If a statement of the grounds of defense can be demanded in ejectment, the statement furnished in this case was sufficient. As a general rule, a plaintiff in ejectment must recover on the strength of his own title, and no infirmity in defendant's title can supply defects of proof on the part of the plaintiff.

Error to a judgment of the Circuit Court of Craig county, in an action of ejectment, wherein the defendants in error were the plaintiffs, and the plaintiffs in error were the defendants.

*Reversed in part.*

The opinion states the case.

*William A. Anderson* and *Paris V. Jones,* for the plaintiffs in error.

*James W. Marshall, Sr.,* and *Frank L. Abbott,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

Defendants in error instituted an action of ejectment in the Circuit Court of Craig county against plaintiffs in error, claiming to be the owners in fee of a certain tract of land, described by metes and bounds in their declaration, which, as they allege, plaintiffs in error (defendants in the court below) unlawfully withheld from them. There was a verdict and judgment for the plaintiffs, Nellie Bickley and Stewart M. Wood, each for an undivided eighteenth part of the land in controversy, and for the defendants in the court below (plaintiffs in error here) with respect to the residue of the tract.

As both parties to the controversy claim under Christian Painter, it will be unnecessary to go back further than his title.

In order to make out their title the plaintiffs offered a certified copy of the proceedings of the County Court of Craig county, at the May term, 1859, from the County Court order book, in the words and figures following: "The following deeds were admitted to record in the clerk's office of this court since the last term thereof, namely: Christian Painter and wife to William M. and H. P. Wood, bargain and sale." They followed this with the testimony of John F. Wood, who testified that some time between 1866 and 1872 he saw a deed in the possession of his father, purporting to be made by Christian Painter and wife to William M. and Hugh P. Wood; that

about the period mentioned he had copied this paper; that he had never seen Christian Painter, and did not know his handwriting. The deposition of Hugh P. Wood was taken and offered in evidence, but upon objection made by the defendants it was properly excluded by the court, upon the ground that Christian Painter, the grantor, in the deed alleged to have been executed by him was dead. Other witnesses were offered and properly rejected by the court upon the ground that their testimony was either mere hearsay or irrelevant to the issues before the jury. The clerk of the court proved that the book in which the deeds referred to in the order of the County Court of Craig county were recorded, had been destroyed in 1863 by Federal soldiers, and that he had searched diligently, but in vain, for that deed among the records remaining in his office. There was evidence also before the jury tending to prove that Christian Painter owned no land in the county of Craig other than that in controversy. It may be well to state that John F. Wood, who made the copy of the deed, testified that he copied it "just as it was"; that he did not know whether there was anything on it by the clerk of Craig county or not, "If there had been I guess I would have copied it." "I was told to copy it and I did." This is all the evidence bearing upon the deed from Painter to William M. and Hugh P. Wood, and *it is apparent that there is no evidence of the due execution of any deed by Christian Painter and wife to William M. and Hugh P. Wood of the land in question.*

The bare entry of an order of the County Court of Craig county, setting forth that a deed of bargain and sale from Painter and wife to William M. and Hugh P. Wood was admitted to record, is insufficient to convey title. The copy made by John F. Wood, unauthenticated and without proof of the genuineness of the instrument, a copy of which it purports to be, in no degree tends to prove the existence of such original

deed, and the negative proof that Painter owned no other land
in Craig county is insufficient to establish the existence of the
deed in question.

"Where the issue involves the existence and contents of a
written paper, the doctrine seems to be well founded in prin-
ciple that the greater the value of the instrument the ·more
conclusive should be the proof of its existence and contents.
And, where the instrument rises to the dignity and importance
of a muniment of title, every principle of public policy demands
that the proof of its former existence, its loss, and its contents,
should be strong and conclusive, before the courts will establish
a title by parol testimony to property which the law requires
shall pass only by deed or will. . . . It is the policy of
the law, adopted with a view to prevent frauds, that title to
lands shall pass only by written instruments; and the difference
is more in name than in fact between giving effect to a parol
conveyance of lands and establishing a title to lands under an
alleged lost deed, upon parol testimony of its contents and loss,
unless the proof be clear and conclusive." *Thomas* v. *Ribble,*
2 Va. Decs. 324, 24 S. E. 241.

We are of opinion, therefore, that the paper purporting to
be a copy of the deed from Painter to the Woods should not
have been admitted in evidence before the jury.

Before the trial was entered upon, the plaintiffs in the court
below asked that the defendants might be required to state the
grounds of their defense. The defendants resisted this demand
upon the ground that the statute upon the subject does not
apply to actions of ejectment. The court, however, required
the defendants to comply with the demand of the plaintiffs,
and thereupon the defendants stated, among other grounds of
defense, that the plaintiffs have no title to the lands described
in their declaration, and that the claim and demand of the
plaintiffs, in so far as the defendants are informed as to the

same,‑ are based upon an alleged instrument which does not constitute a valid ground for any claim or title as against the defendants, but is illegal, void, and of no effect as against them.

Without expressing any opinion as to the propriety of compelling a defendant in ejectment to state the grounds of his defense, it is sufficient for the present case to say that the grounds stated were quite sufficient to cover the objections of the defendants to the admission in evidence of the paper purporting to be a deed from Christian Painter. With rare exceptions, none of which are applicable to the case before us, the plaintiff in ejectment must recover upon the strength of his own title. *Rhule* v. *Seaboard Air Line Railway Co.*, 102 Va. 343, 46 S. E. Rep. 331. No infirmity in the defendant's title can supply a defect of proof upon the part of the plaintiff. In the absence of the deed, which we have held should have been excluded from the jury, the case of the plaintiffs in the court below was fatally defective.

As the case must be reversed for the reasons given, it is unnecessary to consider any other assignment of error, either upon the part of the plaintiffs in error, or upon the part of defendants in error under Rule IX. of this court.

The judgment of the Circuit Court must be reversed, in so far as it finds in favor of defendants in error Nellie Bickley and Stewart M. Wood. As to them the judgment and verdict must be set aside, and the case remanded to the Circuit Court, to be there tried in accordance with the views herein expressed; and in all other respects the verdict and judgment will be affirmed.

*Reversed in part.*