## Staunton.

### Branham v. Clinchfield Coal Corporation and Others.

#### September 19, 1918.

#### Absent, Burks, J.

1. Lost Instruments and Records—*Proof to Establish—Jurisdiction of Equity.*—While courts of equity have jurisdiction to set up lost deeds and wills and to establish titles under them, the proof of the former existence, the loss and the contents of the instrument, should be strong and conclusive before the courts will establish a title by parol testimony to property which the law requires shall pass only by deed or will. This, however, is a dangerous jurisdiction, and so pregnant with opportunities of fraud and injustice that it will not be lightly exercised nor except upon the clearest and most stringent proof.

2. Lost Instruments and Records—*Proof to Establish—Jurisdiction of Equity.*—In the instant case it was contended that there was a sale of the tract of land in question to the predecessor in title of the appellee by title bond or deed, and that the bond or deed had been lost or destroyed. The alleged transaction occurred twenty-eight years before the institution of the instant suit, and has been obscured by lapse of time and loss of evidence from death of parties and other causes. The evidence was voluminous and irreconcilably conflicting on the material issues, and fell far short of establishing the alleged sale, either by title bond or deed, and the loss of those instruments, with that strong and conclusive evidence that the law requires.

3. Fraud and Deceit—*Forgery—Proof to Sustain.*—It is a fundamental principle of law that fraud must be clearly alleged and proven. Every presumption is in favor of innocence and not of guilt. In the instant case it was alleged that a certain deed was a forgery, but there was no evidence to sustain the averment.

4. Vendor and Purchaser—*Parol Sale of Land—Evidence to Support.*—In the instant case plaintiffs attempted to set up a parol sale of the land in question and payment of the purchase money. No such case, however, was made by the pleadings; and if enforceable (Code 1904, section 2840), the admissible

evidence in support of the contention is far too indefinite, vague and uncertain to warrant a decree thereon in favor of the plaintiffs.

Appeal from a decree of the Circuit Court of Wise. county. Decree for complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*Dotson & Kelly* and *Bullitt & Chalkley,* for the appellant.

*Morison, Morison & Robertson, Vicars & Perry* and *W. H. Rouse,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

Appellant, Wilburn Branham, and wife, and T. J. Fleming and N. B. Dotson were impleaded in the Circuit Court of Wise county by appellees, the Clinchfield Coal Corporation and the Carrier Lumber Corporation, the material allegations of the bill being: That in the year 1886, Elizabeth Branham, the mother of Wilburn Branham, conveyed her life estate in a tract of sixty-five acres of land lying in the waters of Pound river in Wise county, to N. B. Dotson; that John Henry Branham, another son of Elizabeth Branham, sold his remainder interest therein to Dotson *by deed* or *title bond,* which deed or title bond was lost or destroyed; that after Dotson had thus been invested with title to the sixty-five acres of land, through successive alienations the plaintiff, the Clinchfield Coal Corporation, acquired title to the land, and the plaintiff, the Carrier Lumber Corporation, became completely invested with title to the timber thereon; that after the death of John Henry Branham, Wilburn Branham having ascertained that the

deed or title bond from John Henry Branham to Dotson had never been recorded and had been lost or destroyed, with full knowledge of the deed from his mother, and the deed or title bond from his brother, John Henry Branham, to Dotson, forged, or caused to be forged, a deed from John Henry Branham and wife conveying all their interest in the sixty-five acres of land to himself; that the forged deed purported to have been executed on August 15, 1887, and to have been acknowledged on May 10, 1889, before H. L. Pennington, a justice of the peace of Wise county, and was recorded August 31, 1910; and that Wilburn Branham and T. J. Fleming entered upon the land and cut and removed valuable poplar and other timber therefrom. The bill prayed that Wilburn Branham and wife be required to convey to plaintiffs, as their interests appeared, all the right and title claimed by him in the land or timber thereon; that an inquiry be directed to ascertain the value of the timber cut and removed from the land by Wilburn Branham and Fleming, and that judgment be rendered therefor and for damage for other trespasses, and that they be restrained from further trespassing on the land.

The defendant, Wilburn Branham, demurred to and answered the bill, but the demurrer was not pressed and need not be discussed. The answer denied the sale of the land, or the execution of the title bond or deed by John Henry Branham to Dotson; or that Dotson ever paid for the land, and that respondent knew of any such alleged facts. He admitted the execution, acknowlegment and recordation of the deed from John Henry Branham to himself, but denied that the deed was a forgery.

Numerous depositions were taken, and a number of exhibits filed; and from a decree granting the prayer of the bill this appeal was allowed.

It will be observed from the foregoing summary of the pleadings that the two vital issues are thereby submitted,

the establishment of both or one of which is essential to the plaintiffs' right to recover.

1. The first contention is that there was a sale by John Henry Branham to Dotson of his remainder interest in the sixty-five acres of land by *title bond* or *deed* (neither of which instruments was produced), and, whether the one or the other, that it had been lost or destroyed; and

2. That the deed of record purporting to have been executed and acknowledged before a justice of the peace by John Henry Branham and wife conveying the land in controversy to Wilburn Branham was a forgery.

It may be remarked in passing that these transactions are alleged to have occurred twenty-eight years before the institution of this suit; and, as the record shows, they have been obscured by lapse of time and loss of evidence from death of parties and other causes. It will be helpful also to view the case in the light of the well settled rules of evidence in respect to the degree of proof required to establish a title dependent upon lost muniments.

In *Dickinson* v. *Ramsey*, 115 Va. 521, 79 S. E. 1025, it was held: "While courts of equity have jurisdiction to set up lost deeds and wills and to establish titles under them, the proof of the former existence, the loss and the contents of the instrument, should be strong and conclusive before the courts will establish a title by parol testimony to property which the law requires shall pass only by deed or will."

In *Thomas* v. *Ribble*, 2 Va. Dec. 321, 24 S. E. 241, the above rule as to the degree of proof is announced, and it is said of a suit of this character, that it is a dangerous jurisdiction, and so pregnant with opportunities of fraud and injustice that it will not be lightly exercised nor except upon the clearest and most stringent proof." This doctrine has frequently been approved by this court. *Barley* v. *Byrd*, 95 Va. 316, 28 S. E. 329; *Carter* v. *Wood*, 103 Va. 68,

48 S. E. 553; *Smith* v. *Lurty,* 108 Va. 800, 62 S. E. 789; *Johnson* v. *McCoy,* 112 Va. 580, 72 S. E. 123; *McLin* v. *Richmond,* 114 Va. 244, 76 S. E. 301.

The last pronouncement on the subject, which is equally as emphatic as any that had preceded it, is *Dunnavent* v. *Dunnavent,* 120 Va. 301, 91 S. E. 138. In that case as in this, the litigation arose nearly thirty years after the date of the alleged deed. The controversy was between a father and son. The father denied in the most positive and definite way that he ever executed such a deed as was claimed, while the grantee undertook to establish its due execution by his own testimony and that of his sister, and by the alleged draughtsman of the deed, a notary public, who also claimed to have taken the acknowledgment of the grantor to the instrument. The court commented upon the lapse of time between the alleged execution of the deed and the institution of the suit to set it up, and other circumstances, and held: "There was as irreconcilable conflict in the testimony of the father and son. The testimony of the alleged draughtsman of the deed was unconvincing. The other circumstances surrounding the alleged transaction were improbable." It further held that the evidence was insufficient to show the existence of the deed, and the decree of the circuit court establishing it was reversed.

The evidence in the instant case is voluminous and irreconcilably conflicting on the material issues. It has been examined with care, and a detailed discussion of it would be a fruitless task. It is sufficient to say, that it falls far short of establishing the alleged sale by John Henry Branham to Dotson of his remainder interest in the sixty-five acres of land either by title bond or deed, and the loss of those instruments with that strong and conclusive evidence that the law requires. Indeed, the proof on that subject is far from convincing, and is much more inconclusive than was the evidence held to be insufficient in *Dunnavent* v.

*Dunnavent, supra.* With respect to the allegation of the bill that the deed from John Henry Branham and wife to Wilburn Branham was a forgery, it is enough to say that there is no evidence to sustain that averment. Of a similar charge, in *Dickenson* v. *Ramsey, supra,* this court (115 Va., at page 524, 79 S. E. 1025), says: "It is a fundamental principle of law that fraud must be clearly alleged and proven. Every presumption is in favor of innocence and not of guilt. *Engleby* v. *Harvey,* 93 Va. 445, 25 S. E. 225; *Shoemaker* v. *Chapman Drug Co.,* 112 Va. 612, 72 S. E. 121; *Johnson* v. *Lucas,* 103 Va. 36, 48 S. E. 497. But the citation of authority for so elementary a proposition is wholly superfluous."

Finally, it was attempted to set up a parol sale of the land and payment of the purchase money. No such case was made by the pleadings; and if enforceable (Code, section 2840), the admissible evidence in support of the contention is far too indefinite, vague and uncertain to warrant a decree thereon in favor of the plaintiffs.

Upon the whole case, we are of opinion that the decree of the circuit court is erroneous and must be reversed, and this court will enter a decree dismissing the bill.

*Reversed.*