# MICHAEL A. GRAPPO

## V.

# J. IRVIN BLANKS, ET AL.

Record No. 900691

January 11, 1991

Present: All the Justices

*Mark N. Reed (John T. Hennessy; Will, Hennessy & Reed,* on brief), for appellant.
*Robert Scott Janney (John J. McGrath, Jr.; Janney, Janney & McGrath,* on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal from a judgment in an ejectment action, we determine whether the trial court erred in ruling that (1) the plaintiffs, as a matter of law, are the record owners of the subject land, and (2) the defendant's evidence is insufficient, as a matter of law, to prove that the plaintiffs were divested of title to the land by adverse possession.

J. Irvin Blanks, Helen R. Blanks, and J.I. Blanks, Jr. (collectively, Blanks) instituted an ejectment action against Michael A. Grappo to recover possession of a 3.68-acre tract of land located in the Town of Luray, County of Page. Grappo defended the action on the grounds that (1) Blanks was not the record owner of the land, and (2) he, or "those under whom he claim[ed]," had acquired title to the land by adverse possession.

The case was tried to a jury, and at the conclusion of all the evidence, the trial court struck Grappo's evidence and entered judgment in favor of Blanks. In doing so, the court ruled that, as a

matter of law, Blanks was the record owner of the land and that the evidence was insufficient, as a matter of law, to prove that either Grappo or those under whom he claimed had acquired title to the land by adverse possession. In this appeal, Grappo challenges both rulings.

I

Because the trial court struck Grappo's evidence, we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to him. The 3.68-acre tract was originally part of a tract containing 32 acres and 32 poles that had been owned by A.V. Kibler. In 1942, Kibler conveyed "three acres, more or less," (the three-acre tract) out of the 32-acre, 32-pole tract to Virginia Strickler. The deed to Strickler contained a metes and bounds description of the three-acre tract with reference to certain monuments. Strickler was Blanks' predecessor in title.

A certified land surveyor was able to locate all the monuments called for in the deed description of the three-acre tract. These monuments matched those he found on the ground where the 3.68-acre tract is located. From these facts, the surveyor opined that the three-acre tract was the same land as the 3.68-acre tract in question. The surveyor further testified that a mathematical computation, based on the deed description of the three-acre tract, yields a quantity of land of approximately 3.7 acres. The surveyor's testimony was uncontroverted.

In 1948, the residue of the Kibler tract, containing 29 acres and 32 poles, was conveyed to M.J. Menefee. This tract was one of a number of contiguous tracts that comprised Menefee's farm of 118.769 acres.

About 1959, Menefee constructed the present boundary fence. The fence incorporates the 3.68-acre tract, separating it from the remainder of Blanks' land, and continues around Menefee's 118.769 acres. Menefee and his various lessees continually used the entire tract, including the 3.68 acres, to graze cattle until Menefee's death in 1983. During that time, Menefee patrolled his boundary fence on a weekly basis to determine whether the fence had sustained any damage.

Following Menefee's death in 1983, his executor undertook to sell Menefee's entire farm. Grappo, a prospective purchaser, toured the property and was supplied with two hand-drawn maps

which showed all the property within the fence as part of the farm. Thereafter, in December 1983, Grappo contracted to purchase Menefee's farm. The contract required the seller to provide a survey and plat of the property. The survey and plat, however, did not include the 3.68-acre tract, and the deed did not convey the tract.

## II

Grappo first contends that the trial court erred in ruling that, as a matter of law, Blanks is the record owner of the 3.68-acre tract. In doing so, the court found that the evidence conclusively established that Blanks' three-acre tract and the 3.68-acre tract were one and the same.

When the only probative evidence about the location of property lines is supported by a factual basis, is uncontradicted and unimpeached, and is neither inherently incredible nor inconsistent with probative evidence in the record, the matter becomes one of law for a court's determination. *Swanenburg* v. *Bland*, 240 Va. 417, 422, 397 S.E.2d 859, 862 (1990). In the present case, the surveyor's testimony was the only evidence about the location of Blanks' three-acre tract. He testified unequivocally that the three-acre tract and the 3.68-acre tract were one and the same. He found monuments on the ground for the 3.68-acre tract which matched the monuments called for in the deed description of the three-acre tract. Thus, the surveyor had a factual basis for his conclusion. Moreover, his testimony was uncontradicted and unimpeached and was not inherently incredible. We hold, therefore, that the trial court did not err in ruling that the three-acre tract and the 3.68-acre tract were one and the same and that Blanks was the record owner thereof.

## III

Grappo next contends that the trial court erred in striking his evidence that Menefee had acquired title to the 3.68-acre tract by adverse possession. To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible, and continuous possession, under a claim of right, for the statutory period of 15 years. *McIntosh* v. *Fire Company*, 220 Va. 553, 556-57, 260 S.E.2d 457, 459-60 (1979); *Peck* v. *Daniel*, 212 Va. 265, 268, 184 S.E.2d 7, 9 (1971); *Leake* v. *Richardson*, 199

Va. 967, 976, 103 S.E.2d 227, 234 (1958); Code § 8.01-236. A claimant has the burden of proving all the elements of adverse possession by clear and convincing evidence. *Matthews v. W.T. Freeman Co.*, 191 Va. 385, 395, 60 S.E.2d 909, 914 (1950).

■ Use and occupation of property, evidenced by fencing the property, constitutes proof of *actual* possession. *LaDue v. Currell*, 201 Va. 200, 207, 110 S.E.2d 217, 222 (1959). One is in *hostile* possession if his possession is under a claim of right and adverse to the right of the true owner. *See Virginia Midland R. Co. v. Barbour*, 97 Va. 118, 123, 33 S.E. 554, 556 (1899). One's possession is *exclusive* when it is not in common with others. *See Providence F. Club v. Miller Co.*, 117 Va. 129, 132-33, 83 S.E. 1047, 1048-49 (1915). Possession is *visible* when it is so obvious that the true owner may be presumed to know about it. *See Turpin v. Saunders*, 73 Va. (32 Gratt.) 27, 34 (1879). Possession is *continuous* only if it exists without interruption for the statutory period. *See Hollingsworth v. Sherman*, 81 Va. 668, 674 (1885); *Stonestreet v. Doyle*, 75 Va. 356, 371 (1881).

■ Ordinarily, a jury determines whether the elements of adverse possession have been proven. Only when reasonable minds could not differ does the issue become one of law for a court. *Spicer v. Spicer*, 192 Va. 105, 116, 63 S.E.2d 773, 780 (1951); *Craig-Giles I. Co. v. Wickline*, 126 Va. 223, 232, 101 S.E. 225, 228 (1919).

The trial court opined that the evidence was insufficient to create a prima facie case of adverse possession. The court was particularly concerned about an absence of proof that possession was under a claim of right.

■ When used in the context of adverse possession, the terms *claim of right*, *claim of title*, and *claim of ownership* are synonymous. They mean a possessor's intention to appropriate and use the land as his own to the exclusion of all others. *Marion Inv. Co. v. Virginia Lincoln Furn. Corp.*, 171 Va. 170, 182, 198 S.E. 508, 513 (1938). That intention need not be expressed but may be implied by a claimant's conduct. *Id.* Actual occupation, use, and improvement of the property by the claimant, as if he were in fact the owner, is conduct that can prove a claim of right. *Id.*

■ In the present case, Menefee's boundary fence encompassed the 3.68 acres as well as his own land. His use and occupancy of the 3.68 acres was the same as that of the rest of the land. He zealously examined his boundary fence for damage, in-

cluding the portion thereof that separated Blanks' land from the 3.68-acre tract.

When the evidence is viewed in the light most favorable to Grappo, we think a jury reasonably could find that Menefee had actual, hostile, exclusive, visible, and continuous possession of the 3.68-acre tract, under a claim of right, for the statutory period. Consequently, the evidence is sufficient to create a prima facie case of title by adverse possession in Menefee. The trial court, therefore, erred in failing to submit the matter to the jury.*

## IV

In conclusion, we will affirm that portion of the trial court's judgment holding that Blanks is the record owner of the 3.68-acre tract. We will reverse that portion of the judgment denying the jury's right to determine whether Blanks was divested of title to the tract by Menefee's adverse possession and remand the case for further proceedings consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

---

\* Grappo also contends that if Menefee acquired title to the 3.68-acre tract by adverse possession, then he, Grappo, acquired Menefee's title by tacking, even though the tract was not included in the deed from Menefee to Grappo. We will not address this contention. The trial court did not have jurisdiction to decide this issue because Menefee's heirs and successors in title were not parties to this action. In any event, a decision on this issue is unnecessary in the present action because, in an ejectment action, a plaintiff must recover solely on the strength of his own title and not on the weakness of the defendant's title. *Page v. Luhring*, 208 Va. 643, 650, 159 S.E.2d 642, 649 (1968); *Garden Realty Corp. v. Price*, 165 Va. 520, 522, 183 S.E. 178, 179 (1936). Thus, if Menefee had acquired title to the 3.68-acre tract by adverse possession, Blanks cannot recover, irrespective of whether Menefee's title passed to Grappo.