# CIRCUIT COURT OF ROCKINGHAM COUNTY

Steven A. Zapton et al.

v.

Parties Unknown

August 30, 1999

Case No. (Chancery) 16807

BY JUDGE JOHN J. MCGRATH, JR.

I have reviewed at length and in depth the memoranda filed by the parties concerning the issue of whether the plaintiffs have met the legal prerequisites to claiming title by adverse possession to the land in question.

The report of the Commissioner in Chancery filed on March 29, 1999, is not only a thorough and well-written explanation of the facts and the law, but is indeed a scholarly presentation of the intricacies of the law of adverse possession in the Commonwealth of Virginia. I do not disagree with the Commissioner's well-reasoned opinion as to the requirement under Virginia law that the possession needs for adverse possession be under a claim of right as set forth in *Grappo v. Blanks*, 241 Va. 58 (1991). However, I have reviewed in detail the entire hearing that was conducted by the Commissioner in Chancery, and I believe that the evidence shows that Mr. Zapton, being a historian and a Professor of Art History, has a very sensitive and somewhat delicate nature and demeanor, and he appears as a matter of sensitivity to be loathe to make assertions that appear aggressive or hostile. However, I also believe that the unequivocal facts in the record show that his possession of the land in question was hostile in a legal sense and was under a claim of right. His statements contained in the transcript that may appear to the contrary are beyond peradventure to be simply a non-assertive layman's inability to express the precise legal descriptions of their actual deeds and intentions.

Therefore, the Court declines to adopt the Commissioner in Chancery's finding concerning the Petitioner's failure to establish adverse possession and

decrees that the plaintiffs have established title by adverse possession to the property. I agree with the Commissioner in Chancery that it is not appropriate to address what, if any, easement of visitations may exist in reference to the unknown individuals whose remains may or may not continue to be buried in the cemetery.

The Court has examined the Guardian *ad litem*'s submission for fees and finds it reasonable, and the final decree shall provide that he be compensated $1,455.00.