54

## CIRCUIT COURT OF AMHERST COUNTY

Charles W. Denton et al.

v.

Patricia O'Dell Abbitt

September 8, 2004

Case No. CL5871

BY JUDGE J. MICHAEL GAMBLE

I am writing to furnish the written decision of the Court in this case. The rulings of the Court are as follows. The common boundary line between the adjacent properties of Mr. and Mrs. Charles W. Denton ("Denton") and Patricia O'Dell Abbitt ("Abbitt") is set forth on the plat of J. A. Michael Nichols, Land Surveyor, dated August 14, 2002, and admitted as Plaintiff's Exhibit # 4. Abbitt has title by adverse possession of that portion of the roadway located on Denton from Wright Shop Road to the point where the vertical plane of the front of the Abbitt garage (not carport) extends to the bottom of the bank along the driveway/roadway. This area extends northward from the Denton/Abbitt boundary on the Nichols plat to the bottom of the small bank (located on Denton) on the north side of the roadway. Next, Abbitt has established a right-of-way by prescription from the point where the roadway passes north of the Abbitt garage until it enters the real estate of Abbitt at approximately point H6 on the plat by Thomas C. Brooks, Sr., Land

Surveyor, dated June 24, 2002, and admitted as Defendant's Exhibit # 2. The Court's reasons for these rulings are set forth below.

This proceeding began as a motion for judgment to establish boundary lines under Va. Code § 8.01-179. The defendant also seeks to establish a boundary line in her counterclaim. A party seeking to determine a boundary line must recover on the strength of his own title. *Page v. Luhring*, 208 Va. 643, 650, 159 S.E.2d 642 (1968); *Griggs v. Brown*, 126 Va. 556, 102 S.E. 212 (1920).

In order for a party to prevail in a boundary line case, the party must establish the boundary by a preponderance of the evidence by one of three methods. These methods are by (1) showing perfect legal title to the land by showing an unbroken chain of title either to the Commonwealth or to a common grantor; or (2) title by adverse possession; or (3) such state of facts as will warrant to the court in presuming a grant. *Development Corp. v. Jackson*, 201 Va. 95, 99, 109 S.E.2d 400 (1959). In the instant case, the Court finds that Denton has shown perfect legal title to the land by showing an unbroken chain to a common grantor. Both the Denton real estate and the Abbitt real estate came from a 110.43 acre tract of land shown on a plat of the B. W. Johnson Farm by S. S. Lynn dated April 1920 and admitted as Plaintiff's Exhibit # 6. This real estate was subdivided pursuant to a plat by H. G. Garland, C.E., dated April 16, 1928, and admitted as Plaintiff's Exhibit # 5. Lot number 4 on the Garland plat is currently the real estate of Denton. Lot number 3 on the Garland plat is currently the real estate of Abbitt. Subsequent to the Garland plat, a portion of both the Denton and Abbitt properties was taken by the Commonwealth of Virginia for the improvement of Wright Shop Road.

Additionally, at the trial of this case, each party had a surveyor testify as an expert witness. Both surveyors had difficulty reestablishing the common boundary line between the Denton and Abbitt properties due to defects in the H. G. Garland survey. The basic problem with the H. G. Garland survey is that it failed to close with respect to both the Denton and Abbitt properties. Most of these problems were caused due to the lack of accuracy of the compass and chain measuring devices used by surveyors of that era. Both expert surveyors made exhaustive efforts to reestablish the common boundary notwithstanding the errors in the Garland plat.

In this case, the key boundary line issue revolved around the location of a white oak tree located on the boundary between Lot 3 and Lot 4 on the Garland plat about 400 feet from Wright Shop Road. The Dentons maintain that this is the large white oak tree shown on Plaintiff's Exhibits 28, 29, 31, and 73A. Defendant maintains that this white oak tree is a smaller white oak

tree no longer in existence located on the northeastern side of the current roadway leading into the Abbitt real estate. The Court finds that the greater weight of the evidence establishes the white oak tree as the existing 24 inch white oak tree located southwest of the roadway into the Abbitt property and shown on Plaintiff's Exhibits set forth above. There are several reasons for this Court ruling. First, the existing white oak tree is over 100 years old. It has old fence sticking out of the tree. The radial inverse lines to the northwest corner of the property support the use of this tree rather than the smaller tree that was once six inches in diameter. See Plaintiff's Exhibit 72A. Last, Bill Abbitt, father of defendant, remembers the smaller tree to be about six inches in width. This means that it was much smaller in width at the time the surveyors used the tree. The Court finds that it is unlikely that the surveyors would have used such a small tree when there was a larger tree in close proximity.

Accordingly, the evidence by a greater weight establishes the boundary shown on the Nichols plat.

The next question involves adverse possession. Both Denton and Abbitt have made claims for adverse possession of the portion of the roadway leading from Wright Shop Road into the southeast portion of the Abbitt real estate. The Dentons basically claim adverse possession along the portion from the garage to the point where the roadway enters the Abbitt real estate. Abbitt claims adverse possession from Wright Shop Road the entire distance of the roadway until it enters the Abbitt real estate.

In order to establish adverse possession, a claimant must "prove actual, hostile, exclusive, visual, and continuous possession, under a claim of right for the statutory period of fifteen years." *Grappo v. Blanks*, 241 Va. 58, 61-62, 400 S.E.2d 168 (1991); Va. Code § 8.01-236. A claimant must prove adverse possession by clear and convincing evidence. *Calhoun v. Woods*, 246 Va. 41, 43, 431 S.E.2d 285 (1993). The term "hostile" does not mean angry or combative in the context of adverse possession. It is hostile if it is under "claim of right and adverse to the right of the true owner." *Grappo*, 241 Va. at 62. The phrase "claim of right" refers to the intent of a claimant to use land as the claimant's own to the exclusion of all others. *Kim v. Douval Corp.*, 259 Va. 752, 757, 529 S.E.2d 92 (2000). Claim of right, however, does not depend on actual title or actual right to the property. *Marion Inv. Co. v. Virginia Lincoln Furniture Corp.*, 171 Va. 170, 182, 198 S.E. 508 (1938).

The evidence established beyond question that the roadway from Wright Shop Road to the existing garage has been used as a driveway, parking lot, and access road to the Abbitt real estate. Bill Abbitt, Pete Abbitt, Lawrence Tyree, Richard Wooldridge, Don Sirocco, Bobby Harris, Helen Furneyhough,

and Zane Harvey all confirmed and corroborated the adverse use of this section of the roadway. Further, Plaintiff's Exhibits 33, 46, 47, 70, 72A, and 24 established these facts. Likewise, Defendant's Exhibits 10, 11, 13, 14, and 18 established the parked vehicles on this roadway. These photographs date from the 1940s. This evidence establishes adverse possession of the portion of the Denton property located on the roadway from Wright Shop Road to the garage.

The testimony and the exhibits establish that the possession by Abbitt and her predecessors was actual, hostile, exclusive, visual, continuous, and under a claim of right for a period of more than fifteen consecutive years. The "claim of right" was established by the clear intent of the Abbitt family to use this portion of the roadway to the exclusion of all others. *Marion Inv. Co., supra.* The vehicles parked on the roadway show actual hostile, exclusive, and visual possession. This is also confirmed by the testimony of the witnesses. The weight of the photographs and the witnesses testimony meets the clear and convincing standard.

Denton has failed to prove sufficient possession of the roadway on the Abbitt property to establish adverse possession. Although Abbitt has not proven sufficient "continuous possession" to establish adverse possession of the roadway from the front of the garage until it enters the Abbitt property beyond the white oak boundary tree, there is sufficient "use" of the roadway to constitute a prescriptive easement. *Kim, supra; Ward v. Harper,* 234 Va. 68, 360 S.E.2d 179 (1987). To establish a prescriptive easement, a claimant must prove by clear and convincing evidence that the use of the roadway in question was "adverse, under claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner over which the land passes." *Ward, supra,* at 70. The same witnesses noted above established by clear and convincing evidence the prescriptive use of the roadway from the front of the garage to the back portion of the Abbitt property. The evidence established clearly and convincingly that vehicles have used that roadway since the 1930s to gain access from Wright Shop Road to the back portion of the Abbitt property. This use has been continuous, uninterrupted, and with the knowledge of the owners of the Denton property. Further, it has continued for at least twenty years.

"Open, visible, continuous, and unmolested" use of the roadway is presumed to be under claim of right under Virginia law. *Martin v. Moore,* 263 Va. 640, 645, 561 S.E.2d 672 (2002). The burden is on the owner of the servient estate (Denton) to rebut this presumption by showing that the use was permissive and not under claim of right. *Ward, supra,* at 70-71.

In the instant case, the presumption of claim of right certainly arises by virtue of the multitude of witnesses that have testified about the use of this roadway over a continuous period of much longer than twenty years. Denton argues that the use by Abbitt and her predecessors was permissive. The evidence of Denton, however, fails to establish a permissive use. In order to establish a permissive use, there must be a "positive showing that an agreement existed." *Martin, supra*, at 646; *Causey v. Lanigan*, 208 Va. 587, 593, 159 S.E.2d 655 (1968). At best, Denton establishes that there was acquiescence to the use of the roadway by Abbitt and her predecessors.

Next, the use of the right-of-way by Abbitt and her predecessors was exclusive as defined by the law of prescriptive easements. Even though other landowners, such as Denton, may have utilized the right-of-way, each user may independently assert his rights even though other persons may assert similar rights. *Ward, supra*, at 71. Thus, even though Denton may have also used the roadway, the use by Abbitt and her predecessors has been exclusive because she independently asserts her right to use the roadway. Only when a roadway is used by members of the general public does the element of exclusiveness become lacking. *Ward, supra*, at 71.

Last, the Court finds by clear and convincing evidence that the location of the prescriptive right-of-way has always been in its current location. In particular, the Court finds by clear and convincing evidence that this right-of-way has always been located to the south of the white oak boundary tree. There was some suggestion in the evidence that the right-of-way road had run between the white oak boundary tree and another large tree where an abandoned pickup truck is located. The evidence, however, does not establish that this is the location of the prescriptive easement.