## CIRCUIT COURT OF AMHERST COUNTY

Clemens F. Zur Lippe
and Cassandra Lee D. Zur Lippe

v.

Carl H. Hedge
and Barbara A. Hedge

February 11, 2005

Case No. CH 9894

BY JUDGE J. MICHAEL GAMBLE

I am writing to furnish the ruling of the Court in this case. In this regard, I find that the plaintiffs have proven adverse possession of the triangular area shown on the plat introduced as Plaintiff's Exhibit # 9 from the 3/4 inch pipe on Lynwood Drive to a point 30 feet west (below) of the propane tank. I find that adverse possession has not been proven for the wooded area west of the 30 foot line below the propane tank extending to the line with Darryl F. Short, *et ux*. The Court's reasons for these rulings are set forth below.

Mr. Zur Lippe and Mr. and Mrs. Hedge acquired their respective properties in 1973. Soon thereafter each constructed a residence. The lots owned by Zur Lippe and Hedge are adjacent subdivision lots in Section 2 of Lyn-Wood Subdivision in the Elon District of Amherst County. For over three decades, they had normal neighborly relationship. Neither party knew the exact location of the mutual boundary line between their lots. On numerous occasions Mr. Hedge and Mr. Zur Lippe attempted to locate the iron pin on the western boundary of their lots. Mr. Hedge testified that, on

seven occasions, both he and Mr. Zur Lippe tried to find the iron pin and were unsuccessful. The evidence clearly establishes that neither party knew the exact location of their mutual boundary line on the ground until a surveyor found the pin by the use of a metal detector around 2001.

In 1975, Mr. Zur Lippe placed a shed in the disputed triangular area. This shed was constructed on a concrete pad. In 1994, he planted a row of hemlock trees on the southern boundary of the disputed triangular area after an ice storm had destroyed older trees in that area. In 2001, Mr. Zur Lippe placed a propane tank on a concrete pad on the lower portion of the disputed area. During the entire time that Zur Lippe owned his lot, he mowed and kept in a yard-like appearance the portion of the disputed triangular area from Lynwood Drive to a point approximately 30 feet below (west) of the concrete pad on which the propane tank rests. In the area below the 30 foot line, Mr. Zur Lippe occasionally removed dead trees and stumps, but did not engage in any intense and continuous control of that area. This is demonstrated by the line of trees which separate the upper area of the triangle from the wooded area.

Mr. Zur Lippe testified that although he did not know the exact location of the mutual boundary on the ground, he thought the area where he was placing improvements and mowing was his property. Occasionally, Mr. Hedge would come upon the property in dispute, but he did not exercise any control over the property. Neither party made any affirmative action to keep the other party from coming into the disputed area prior to the institution of this litigation.

In order to prove adverse possession, a party must prove by clear and convincing evidence that the possession is (1) actual, (2) hostile or adverse, (3) exclusive, (4) visible or open and notorious, (5) continuously for a period of fifteen years, and (6) under a claim of right. *Quatannens v. Tyrrell*, 268 Va. 360, 371, 601 S.E.2d 616 (2004). The occupation of the disputed triangle by Mr. Zur Lippe from the point on Lynwood Drive to the wooded area 30 feet below the propane tank meets the requirements of adverse possession.

The requirement of actual possession means absolute dominion and enjoyment of the property which might be accomplished by residence, cultivation, improvement, or other open and notorious acts of ownership. *Quatannens, supra,* at 366. In the instant case, Mr. Zur Lippe cultivated and improved the real estate from Lynwood Drive to the wooded area to the degree that established absolute dominion and enjoyment over this area.

Hostile possession is possession "under a claim of right and adverse to the right of the true owner." *Grappo v. Blanks*, 241 Va. 58, 62, 400 S.E.2d 168 (1991). A claim of right is simply a possessor's intention to appropriate the land as his own to the exclusion of all others. *Id.* at 61-62. The actual occupation, use, and improvement of the property by the possessor is conduct that can prove claim of right. *Id.* at 62. The actions by Mr. Zur Lippe from 1973 satisfy the requirement that his conduct indicated an intention to appropriate and use the land as his own. The mowing, cultivation, and improvement of the real estate all sufficiently establish this element.

In order to have exclusive possession, a claimant must "shut out the rightful owner." *Taylor v. Burnsides*, 42 Va. (1 Gratt.) 165, 190 (1844). The possession is exclusive when it is not in common with others. *Grappo, supra*, at 62. While Hedge may have occasionally come onto the disputed area, the evidence is overwhelming that Zur Lippe controlled the triangle above the wooded area exclusive of Hedge from 1973 to the present. There was no effort by Hedge to exercise common control of this area.

The requirement that the triangular area above the woods be visible or open and notorious is easily satisfied in this case. The improvements, mowing, and cultivation of grass in this area are undisputed.

Also, the requirement of occupancy for a period of fifteen continuous years is satisfied. It is without dispute that Mr. Zur Lippe placed his shed on the disputed area in 1975 and continued to exercise control up to the present.

The last requirement that the occupancy be under claim of right has been discussed above in conjunction with hostile or adverse possession. As noted above, claim of right simply means a possessor's intention to appropriate and use the land as his own to the exclusion of others. *Grappo, supra*, at 62. The actions by Mr. Zur Lippe over a 30 year period of time are overwhelming evidence of this intent.

The defendants argued at trial that adverse possession could not be established because either Zur Lippe did not know where the mutual boundary was located or that he was mistaken. The defendants maintain that the possession could not satisfy the "hostile" requirement or the "claim of right" requirement if Zur Lippe did not know the true location of the boundary. It is certainly clear that, where a person possesses the adjoining land of another under a mistake as to his own boundaries with no intention to claim land that does not belong to him, but only intending to claim the true line, he does not adversely hold the land in question.

*Christian v. Bulbeck*, 120 Va. 74, 102-03, 90 S.E. 661 (1916). However, when the evidence supplies definite proof of definite and positive intention on the part of a possessor to occupy, use, and claim as his own the land up to a particular and definite line on the ground, the requirements of hostile and adverse possession are satisfied. *Hollander v. World Mission Church of Washington*, 255 Va. 440, 442, 498 S.E.2d 419 (1998). The collateral question whether the possessor would have claimed title had he believed the land involved did not belong to him, but to another, is irrelevant and only serves to confuse ideas. *Christian*, at 111.

Adverse possession has not been proven by clear and convincing evidence in the wooded area 30 feet below the propane tank to the western boundary line with Short. Only on occasion has Zur Lippe gone into this area to trim trees, clean-up fallen trees, and remove visible stumps and rocks. There is no visible evidence in this area that distinguishes the Zur Lippe property from the Hedge property. There was no fencing or posting in this area, and no improvements were placed in this area. At best, the activity in the wooded area was sporadic and temporary. This is insufficient to establish actual possession. *LaDue v. Currell*, 201 Va. 200, 208, 110 S.E.2d 217 (1959). Accordingly, the requirement of actual possession for fifteen years has not been satisfied with respect to this portion of the real estate.