# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Curtis L. Morton

v.

Alexis L. Zeigler et al.

May 27, 2008

Case No. 07-206

BY JUDGE EDWARD L. HOGSHIRE

Plaintiff, Curtis L. Morton, alleges that Defendant, an adjacent property owner, Alexis L. Zeigler, attempted to place a fence on property that Plaintiff had acquired by adverse possession. Plaintiff has requested determination of true ownership, and Defendant filed a Demurrer and Motion to Dismiss, arguing that Plaintiff's adverse possession was nullified by mistake and acknowledgement and that Plaintiff's suit was barred by the statute of limitations. The issues having been fully briefed, the Court now makes the following findings of fact and conclusions of law.

*Findings of Fact*

"In considering a demurrer to a motion for judgment, a court accepts as true all material facts expressly alleged and all reasonable inferences which may be fairly drawn from those facts. A demurrer, however, does not admit as true a pleader's conclusions of law." *Heyward & Lee Constr. v. Sands, Anderson, Marks & Miller*, 249 Va. 54, 55-56 (1995). The same is true for the Court's examination regarding the Motion to Dismiss. *Chesapeake Bay Found. v. Virginia, ex rel. Virginia State Water Control Bd.*, 46 Va. App. 104, 109, n. 1 (2005).

Plaintiff took possession of the land plotted as Lot 20 as well as a part of Lot 19 (the "property in question") on Woodfolk Drive in 1969. Am. Comp. ¶ 4. Plaintiff maintained the disputed part of Lot 19, which was

defined by a metal fence, from 1945 until recently and has rented it along with the house on Lot 20. Am. Comp. ¶ 6. Marie M. Barber once owned the adjacent lots. Am. Comp. ¶¶ 2, 3, 6, 8-10, 13. In 1969, the City of Charlottesville erected a telephone pole at the apparent property line between Lots 19 and 20, said line coinciding with the metal fence. Am. Comp. ¶ 19. In 1993, Marie M. Barber died, and her interest in the parcels passed to Thomas Eugene Bryant, Jr., and Sallie Mae Barber. Am. Comp. ¶ 8. In 1997, Thomas Eugene Bryant, Jr., and Sallie Mae Barber entered into an agreement with Plaintiff to correct an error in the lot conveyance of 1969, which had shown Plaintiff to be the owner of Lot 21, when he was actually in possession of Lot 20. Am. Comp. ¶ 9. In 1999, Defendant purchased Lot 19 from Eugene Bryant, Jr., and Sallie Mae Barber's successors in interest. Am. Comp. ¶ 13. In 2000, Plaintiff purchased Lot 21 from Eugene Bryant, Jr., and Sallie Mae Barber's successors in interest. Am. Comp. ¶ 11. In 2007, Defendant removed the metal fence and began digging postholes for a new fence in the middle of a driveway located on Lot 20. Am. Comp. ¶ 21.

### Conclusions of Law

A claim of adverse possession has six elements, all of which must be proven for the statutory period; these are "actual, hostile, exclusive, visible, and continuous possession, under a claim of right." *Quatannens v. Tyrrell*, 268 Va. 360, 368 (2004) (quoting *Grappo v. Blanks*, 241 Va. 58 (1991)). Further:

> Use and occupation of property . . . constitutes proof of *actual* possession. One is in *hostile* possession if his possession is under a claim of right and adverse to the right of the true owner. One's possession is exclusive when it is not in common with others. Possession is *visible* when it is so obvious that the true owner may be presumed to know about it. Possession is *continuous* only if it exists without interruption for the statutory period.

*Id.*

Plaintiff has properly alleged actual possession. Am. Comp. ¶¶ 5-6, 22. The terms "claim of right," "claim of title," and "claim of ownership" are synonyms meaning "a possessor's intention to appropriate and use the land as his own to the exclusion of all others. That intention need not be expressed but may be implied by a claimant's conduct. Actual occupation, use, and

improvement of the property by the claimant, as if he were in fact the owner, is conduct that can prove a claim of right." *Grappo*, 241 Va. at 62 (citations omitted). Plaintiff has properly alleged he held the land at issue under claim of right. Am. Comp. ¶¶ 6, 22. Plaintiff has properly alleged exclusive and continuous possession. Am. Comp. ¶ 20, 22. The habitation of renters and the maintenance of land, e.g. cutting the grass, are obvious signs that land is in use; thus, Plaintiff has properly alleged visible possession. Am. Comp. ¶ 6, 22. Mistake may, in narrow circumstances, negate a plaintiff's ability to prove hostile possession; "[h]owever, when a claimant mistakenly believes that a particular 'line on the ground' represents the extent of his or her own land and treats all the land within the line on the ground as his or her own in a manner that satisfies the other requirements of adverse possession – particularly actual, exclusive, and visible possession – then the hostility requirement is generally satisfied." *Quatannens*, 268 Va. at 372. While the metal fence does not extend the full length of the property, Plaintiff has properly alleged that it defines such a "line on the ground," and that he has treated the land in a way that satisfies the other requirements of adverse possession. Furthermore, by renting the property without remitting any payments to the true owner, Plaintiff's possession was adverse to the rights of the true owner; thus, Plaintiff has properly alleged hostile possession. *Grappo*, 241 Va. at 62 ("One is in *hostile* possession if his possession is under a claim of right and adverse to the right of the true owner.").

### Acknowledgement

Defendant asserts that, in 1997[1] when Plaintiff, Thomas Eugene Bryant, Jr., and Sallie Mae Barber agreed to correct the recordation error regarding Lots 20 and 21, Plaintiff acknowledged ownership of the property in question by another. They further assert that this acknowledgement reset the statute of limitations on Plaintiff's adverse possession claim. Def's Br. in Resp. to Pl's Mem. Regarding Dem. and Mot. to Dismiss ¶¶ 22-24. As pleaded, the 1997 exchange did not relate to Lot 19; hence, it could not have resulted in acknowledgment of the ownership of a part of Lot 19.

---

[1] Defendants actually discuss "Plaintiff's 1999 Deed of Exchange," however the Amended Complaint does not state that Plaintiff entered into a deed in 1999. Plaintiff bought Lot 21 in 2000, but, as this has no applicability to either Lot 19 or 20, it appears that Defendants meant to discuss the 1997 exchange of Lots 20 and 21.

*Statute of Limitations*

Virginia Code § 8.01-236 defines the statutory period for adverse possession to be fifteen years. Va. Code Ann. § 8.01-236. Defendant cites *Hubbard v. Davis*, 181 Va. 549 (1943), for the proposition that Plaintiff's adverse possession claim is untimely because he has failed to possess the land adversely *against Defendant* for the statutory period and so cannot claim title against *him*. Def's Br. in Resp. to Pl's Mem. Regarding Dem. and Mot. to Dismiss ¶¶ 25-26. (Emphasis added.) Plaintiff has properly alleged that, between 1969 and 1993, he adversely possessed the land in question against an unchanging owner of Lot 19, Marie M. Barber. This alleged adverse possession continued longer than the statutory period. At the time that Zeigler took possession of Lot 19, the previous owners could not have received an interest in property in question to transfer to Zeigler, having lost that interest by Plaintiff's adverse possession against Marie M. Barber between 1969 and 1993. Va. Code § 8.01-236 ("No person shall make an entry on . . . any land unless within fifteen years next after the time at which the right to make such entry or bring such action shall have first accrued to such person *or to some other person through whom he claims*.") (emphasis added).

*Order*

For the foregoing reasons, Defendant's Demurrer to Amended Complaint and Motion to Dismiss Amended Complaint are hereby overruled.

Pursuant to Va. Rule 1:13, endorsement of counsel is dispensed with. All objections stated in Defendant's memoranda and during oral argument are noted. The Clerk is directed to send a copy of these Findings of Fact and Conclusions of Law to all counsel of record.