## CIRCUIT COURT OF FAIRFAX COUNTY

Debra Paule A. Jones

 v.

Ernest L. Priest
and Ruth E. Priest

April 8, 2009

Case No. CL-2008-13319

BY JUDGE CHARLES J. MAXFIELD

 This matter came before the Court on April 2, 2009. Plaintiff asks the Court to quiet title and appoint a Special Commissioner to convey all the right, title, and interest of Defendants' land located in Fairfax County to Plaintiff.

*Issues*

 This case presents two issues: first, whether Plaintiff properly served Defendant by publication in an *in rem* proceeding; second, whether Plaintiff should acquire title to the land in question by adverse possession.

40

*Facts*

This is before the court in a suit to quiet title to certain lots of land located in Fairfax County, Virginia. Plaintiff Debra Jones alleges that she, and her predecessors in title, treated the lots as their own since 1943 entitling Plaintiff to acquire title to land listed as Lots numbered thirteen, fourteen, fifteen, and sixteen, all in Block number Twelve in a subdivision know as Gunston Manor, Section A, platted and recorded in liber N, No. 10, folio 501, of the land records of Fairfax County, Virginia. The land records indicate that the property was deeded to Defendants Ernest and Ruth Priest in 1932.

In 1973, Plaintiff's parents, Mr. and Mrs. Adams, filed an action in the Fairfax County Chancery Court (case number CH-38683) attempting to acquire title to the land by adverse possession. The Court held that all elements were satisfied except for the period of possession (the Court found only ten years of adverse possession). Mr. and Mrs. Adams continued to treat Lots 13-16 as their own and continued to pay the real estate taxes on this property until Mr. Adams death on March 6, 1986. Following Mr. Adams death, Mrs. Adams paid the real estate taxes on the property until her death on December 20, 2005. Since Mrs. Adams death, Plaintiff Debra Jones continues to pay real estate taxes on the property and treat Lots 13-16 as her own. The Adams and Plaintiff Debra Jones used the property to store a boat and trailer.

On October 10, 2008, Plaintiff Debra Jones filed a Complaint to quiet title. Defendants Ernest and Ruth Priest or their successors cannot be found and service was effected by publication. Defendants failed to respond.

*Analysis*

*Service of Process by Publication*

In Virginia, if a proceeding is *in rem*, where the *res* to be affected by the litigation is within the jurisdiction of the court, notice by publication is ordinarily sufficient. *Clem v. Given's Exr.*, 106 Va. 145, 147, 55 S.E. 567, 568 (1906). Additionally, Virginia Code § 8.01-316 provides that service by publication is available against a Defendant when "diligence has been used without effect to ascertain the location of the party to be served" or in any action when "(i) a pleading states that there are or may be persons, whose names are unknown, interested in the subject to be divided or disposed of; (ii) briefly describes the nature of such interest; and (iii) makes such persons defendants by the general description of 'parties unknown'." Va. Code § 8.01-316 (2009).

Plaintiff properly served Defendants by publication because this is an *in rem* proceeding over lots of land located in Fairfax County, Virginia. Plaintiff used due diligence to attempt to locate Defendants or Defendants' successors without success. It is unknown if Defendants or their successors are living; thus, Plaintiff properly described Defendants as "Ernest L. Priest and Ruth E. Priest, if living or, if they be dead, their heirs, devisees, and successors in title, who are made parties defendant by the general Description of Parties Unknown" in accordance with the Code of Virginia § 8.01-316.

## Adverse Possession

"To establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible, and continuous possession, under a claim of right, for the statutory period of fifteen years." *Grappo v. Blanks*, 241 Va. 58, 61, 400 S.E.2d 168, 170-71 (1991). A claimant has the burden of proving all the elements of adverse possession by clear and convincing evidence. *Id.* at 62, 400 S.E.2d at 171. All presumptions favor the holder of the legal title. *Matthews v. W. T. Freeman Co.*, 191 Va. 385, 395, 60 S.E.2d 909, 914 (1950).

"Proof of actual possession may be by use and occupation of the property; a person is in hostile possession if the possession is under a claim of right and adverse to the right of the true owner; and possession is exclusive when it is not in common with others." *Grappo*, 241 Va. at 61, 400 S.E.2d at 171. Possession is visible when the use is so obvious that the true owner is presumed to know of it. *Id.* "Possession is continuous only if it exists without interruption for the statutory period." *Id.* When used in the context of adverse possession, claim of right means "a possessor's intent[] to appropriate and use the land as his own to the exclusion of all others." *Id.* (*citing Marion Inv. Co. v. Virginia Lincoln Furn. Corp.*, 171 Va. 170, 182, 198 S.E. 508, 513 (1938)). A claim of right is proven by showing actual occupation, use, and improvement of the property by the claimant, as if he were the true owner. *Id.*

The Code of Virginia provides that fifteen years is the statutory period to acquire title by adverse possession. *See* Va. Code Ann. § 8.01-236 (2009) ("[n]o person shall make an entry on, or bring an action to recover, any land unless within fifteen years next after the time at which the right to make such entry or bring such action shall have first accrued to such person or to some other person through whom he claims"). To achieve the statutory period, a claimant of right to land by adverse possession may tack the period of one's possession under claim of right to the possession under claim of right of his immediate predecessor in title. *Sims v. Capper*, 133 Va. 278, 288, 112 S.E.

676, 679 (1922). Before tacking can occur, the claimant must prove privity between the possessors. *Yellow Poplar Lumber Co. v. James Thompson's Heirs*, 108 Va. 612, 623, 62 S.E. 358, 362 (1908).

Plaintiff Debra Jones testified to a number of activities proving she is entitled to obtain title by adverse possession. Plaintiff testified that she treats the property as her own and visits the property yearly. While visiting the property, Plaintiff inspects the property for trespassers and removes trash and signs posted by others. At trial, Plaintiff presented copies of checks made payable to the County of Fairfax since 1943, proving that Plaintiff and her predecessors Mr. and Mrs. Adams, continuously paid the real estate taxes on the property rather than Defendants. Plaintiff and her predecessors also left a boat on the property that remains visible on the property today. Plaintiff also stated that no evidence exists that any other individuals or squatters used Lots 13-16 except occasional trespassers.

Plaintiff Debra Jones has adversely possessed Lots 13-16 for the statutory period. Plaintiff occupied the land since 2005 following her mother's death. Since privity exists by blood, Plaintiff is entitled to tack her ownership with her predecessor's dated back to 1973. Plaintiff is entitled to acquire title by adverse possession.

*Conclusion*

Plaintiff's suit to quiet title is granted, and a Special Commissioner will be appointed.