# CIRCUIT COURT OF THE CITY OF RICHMOND

Sussex Condominium
Unit Owners' Association

v.

Marian K. Agnew
and The Marian K. Agnew
Revocable Trust

October 21, 2009

Case No. CL08-5626

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the Court on plaintiff's motion for summary judgment. The motion was argued on October 2, 2009, after which the court took the matter under advisement. After the hearing, Agnew has submitted two briefs: (1) Post-Hearing Brief and Objection, filed October 6, 2009, and (2) Defendant's Second Post-Hearing Brief, filed October 19. Plaintiff has responded. Plaintiff's motion is based on the pleadings. It has also attached to its Memorandum in Support defendant's answers to request for admission, interrogatories, and production of documents.

The Court took the matter under advisement to read *Quatannens v. Tyrrell*, 268 Va. 360, 601 S.E.2d 616 (2004), and *Helms v. Manspile*, 273 Va. 1, 671 S.E.2d 127 (2009), two cases relied on by the plaintiff. Upon reading the cases, the Court will have to agree with the plaintiff they very nearly match what we have here. *Quatannens* gives a rather extensive discussion of adverse possession which the principle plaintiff relies on in its assertion that it owns the subject disputed real estate lying between the parties' adjoining properties.

The disputed property consists of a brick wall lying on the recorded parcel of defendant's land lying west of the recorded boundary line which plaintiff asserts it has acquired by adverse possession.

*Quatannens* observes, as is the case here, that questions of adverse possession "are fact specific and their resolution . . . turn on . . . one or two of the elements of adverse possession." *Id.* 268 Va. at 365. Here, the questioned elements are whether plaintiff's possession has been "adverse" or "hostile" and on a "claim of right." According to *Helms*, as to the element of claim of right, if present, the possession is adverse or hostile. Quoting *Grappo v. Blanks*, 241 Va. 58, 400 S.E.2d 168 (1991), occupancy use equates to a claim of right. *Id.* 277 Va. at 8.

Here, an issue of mistake revolves around the construction of the brick wall on what the parties' predecessors in title believed was the property line dividing the adjoining properties. Indeed, the parties agree that defendant's predecessor now believes that, in 1978, when the wall was to be constructed, plaintiff's predecessor tricked or deceived him into thinking that the wall was placed in a proper position on the boundary line. This raises the question whether adverse possession obtains when the parties act on the mistaken belief of where the boundary line is and the predecessor and his successors exert all the actions incident to ownership with respect to that which lies on the side of the wall claimed as acquired by adverse possession. Regarding mistaken belief in these circumstances, the Court said:

> When a claimant mistakenly believes that a particular "line on the ground" represents the extent of his or her own land and treats all the land within the line on the ground as his or her own in a manner that satisfies the other requirements of adverse possession — particularly actual, exclusive, and visible possession — then the hostility requirement is generally satisfied.

*Quatannens*, 268 Va. at 372.

So, with all the elements of adverse possession in place and satisfied, plaintiff has established its right, title, and interest in the disputed property consisting of the brick wall, etc. described in the papers.

Finally, there are two issues defendant has raised which need to be addressed. These have to do with the plaintiff's standing, which defendant initially raised but conceded later, and the question of tacking. After the concession on standing, defendant raised the question of continuity of

plaintiff's possession or rather, the ability of the present plaintiff, an unincorporated association, to derive the benefit of adverse possession when it is not the same owner as the now defunct Sussex Corporation.

There is no issue over when the wall was built, 1978. The present plaintiff, through a corporation, Sussex, Inc., came into title, it contends, in 1993 or 1994, the requisite fifteen years having elapsed. Plaintiff in the case is an association of condominium owners. Sussex, Inc., plaintiff's immediate predecessor in interest, was incorporated in 1979. In 2005, its corporate charter lapsed but, by that time, the fifteen year requirement had been met. Virginia law allows for tacking to establish adverse possession provided the successor adverse users are in privity with their predecessors adverse users. In such cases, such a successor user can aggregate the periods of adverse ownership and assert title through adverse possession. I think the point defendant makes is that, with the lapse in Sussex's corporate status in 2005, the plaintiff here cannot claim through adverse possession because it is not the same entity as Sussex, Inc. Both *Quatannens* and *Helms* recognize tacking under their respective facts. Each condominium owner owns their respective units, and, by virtue of Va. Code § 55-79.80, the association can maintain an action, as here, with respect to the "common elements" of the condominium. In other words, the plaintiff here, the condominium association, is latest in a line of successive parties with privity through whom adverse possession can be justly claimed.

Lastly, defendant argues that, since the 1978 transaction involving the placement of the brick wall involved a trick, as mentioned above, no adverse possession can lie. *Quatannens* answers this in that any fraud that may have been involved was induced by a unilateral mistake. It is covered by the Court's ruling on the effect of a mistake as to adverse possession discussed above.

Mr. Troy can provide an order sustaining the motion for summary judgment.